## LITTLEJOHN v. LEFFINGWELL et al.

(Supreme Court, Appellate Division, Second Department. April 25, 1899.)

1. INJUNCTION—WASTE—CANCELLATION OF INSTRUMENTS.

In an action by a widow to set aside a quitclaim conveying to defendants her interest in timber lands formerly owned by her husband, and to annul a deed made by him conveying said lands to defendants during his lifetime, on the ground that the quitclaim and deed were obtained by fraud and undue influence, to have her interest in the lands determined, and for a full accounting, under Code Civ. Proc. § 1681, an injunction, restraining defendants and a third person, to whom a part of the land was conveyed after the filing of a lis pendens, from committing waste by cutting timber on the lands, may be issued without notice or requiring plaintiff to give security.

2. SAME—VACATION—LIMITATION OF ACTIONS.

When the statute of limitations has not been pleaded as a defense, an injunction which was otherwise properly granted will not be vacated because the main action is barred.

3. SAME.

Though the facts alleged in an action to set aside as fraudulent a conveyance of timber lands may have justified the issuance of an ex parte injunction restraining defendants from cutting the timber on the lands, on a motion to vacate the restraining order the interest of all of the parties will be considered, and where it appears that the legal title to the lands is in defendants, that they embrace over 9,000 acres, that plaintiff claims a one-half interest in all of them, that the defendant who is cutting the timber is the purchaser of 800 acres only, and that no security was given by plaintiff when the order was issued, it will be vacated as to the 800 acres.

4. CANCELLATION OF INSTRUMENTS—TENDER—NECESSITY.
    In an action by a widow to set aside a release of her interest in the de-
    ceased husband's estate, she need not tender the money received by her
    as the consideration of the release, where the complaint alleges her
    willingness so to do.

Appeal from special term, Kings county.

Action by Margaret E. Littlejohn against Lucy A. L. Leffingwell
and others. From an order denying a motion to vacate an injunction
order, defendants appeal. Modified.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT,
HATCH, and WOODWARD, JJ.

Henry B. Hathaway, for appellants Leffingwell.
William E. Warland, for respondent.

GOODRICH, P. J. The action is brought to set aside convey-
ances made in 1888 by Hugh Littlejohn, the husband of the plaintiff,
since deceased, to his sister, the defendant Mrs. Leffingwell, and a
quitclaim deed and release made by the plaintiff to the same party, in
1891, on the ground of duress, misrepresentation, and fraud. The
complaint alleged the following facts: Hugh died in 1890, leaving a
will devising and bequeathing to the plaintiff all his real and per-
sonal estate. Of this will the defendant Banks is sole surviving ex-
ecutor. Alida, the mother of Hugh, died in 1872, leaving a will
devising and bequeathing all her real and personal estate to her
executors in trust for her children, Hugh and Lucy, during their
minority, and providing that at their majority the property should be
equally divided between them. She gave her husband, De Witt C.
Littlejohn, by a codicil, a life interest in her estate. Of the executors,
only De Witt qualified. He died in 1892, leaving a will devising and
bequeathing all his real and personal property to his daughter Lucy,
and appointing her executrix. De Witt invested the assets of his
wife's estate, and among other things purchased therewith large
tracts of timber lands in Oswego and Jefferson counties, the title to
which was taken in the names of Hugh and Lucy. In 1888, Hugh,
being in financial straits, conveyed the timber lands to Lucy by sev-
eral deeds, the expressed consideration being in the aggregate $7,000,
but no part of such consideration was actually paid, the intention
being that the lands should be held in trust for Hugh. Such deeds
were obtained by duress and threats while Hugh was under the in-
fluence of liquor. In 1891, by false representations, De Witt and
Lucy induced the plaintiff to execute a quitclaim deed and release
to Lucy of all her interest in the timber lands and in the estate of her
husband, Hugh, for the sum of $10,000, which was paid to her. This
price was wholly inadequate. In 1893, Lucy married Mr. Leffingwell,
and conveyed to him a part of the timber lands, but the deed was not
recorded till 1895; Mr. Leffingwell having, in 1894, executed to his
wife a mortgage of $27,500 on the premises conveyed. Both instru-
ments are alleged to be in fraud of the plaintiff's rights. Mr. and
Mrs. Leffingwell have sold most of the other lands of the estates of
De Witt and Alida, and have never accounted, and they have threat-
ened to sell the timber lands. The plaintiff demanded judgment set-

ting aside the conveyances and release, and directing an accounting of the estate of Alida and Hugh. This action was commenced in December, 1897, against Mr. and Mrs. Leffingwell individually and as executors, and against Banks as executor, and a notice of lis pendens was filed in the counties of Oswego and Jefferson. Subsequently, and in November, 1898, Mr. Leffingwell and wife conveyed some 800 acres of the timber lands to George H. Ackerman. On December 7, 1898, the plaintiff obtained an order making Ackerman a party defendant and granting leave to serve a supplemental complaint, the defendants Leffingwell having appeared in the action, but not answering till December 15th and 19th, when, among other things, they denied most of the equities of the complaint, set up the statute of limitations, and alleged that no offer had been made to return the $10,000 consideration of the release. It is stated that the defendants Leffingwell appeared on December 3d and served their answers on December 23d. On that day the plaintiff, on affidavits showing that Ackerman was cutting off the timber, the effect of which would be practically a destruction of the value of the lands, obtained ex parte an injunction restraining the defendants from "felling trees and sawing same into lumber for sale." The defendants moved to vacate the injunction, and the motion was denied. From this order, the defendants appeal.

The defendants' contention is that the plaintiff is not entitled to the injunction for four reasons: First, no merits; second, the same was granted without notice to the defendants Leffingwell, they having appeared in the action; third, no security was given; fourth, the injunction should not have been made permanent ex parte. First, as to the merits: We have stated the allegations of the complaint quite fully in order to show that an apparently meritorious cause of action is made out entitling the plaintiff to relief. While it is true that many of its allegations are denied in the answers, it appears by the affidavits that Ackerman entered into a contract for the purchase of the lands after the filing of the notice of lis pendens and consequent notice of the plaintiff's claims. The affidavits show that the value of the lands consists chiefly in their timber, and to permit its removal might seriously impair the plaintiff's rights. While the injunction restrains all of the defendants from felling and sawing timber, it is evident that on the conditions disclosed it was intended practically to enjoin Ackerman from continuing the felling of timber on the lands, which he had already commenced to do. He had not appeared in the action when the order was obtained, and no notice to him was required. Neither notice of application for the injunction nor security was necessary. Section 1681 of the Code of Civil Procedure permits such a course, if during the pendency of any action specified in title 1 the defendant commits waste or does any other damage to the property in controversy. And title 1, art. 8, includes the present action. The plaintiff alleges facts which entitle her to be declared a tenant in common in the property, and the defendants are threatening to cut timber therefrom. See Id. §§ 1666, 1667. It was not necessary, as the defendants contend, that the plaintiff in an action of this character should tender to the defendants Leffingwell the $10,000 received by her as the consideration for the release. It is sufficient under the allegations of the

complaint that she should allege her willingness to do so, and this appears in the complaint. If her allegations are true, she has not received the share in the estates of her husband and his mother to which she is entitled, and equity would apply the payment on account of such share; and, even if her allegations are not true, she is entitled to retain the $10,000. Under such conditions, a tender is not necessary. Kley v. Healy, 127 N. Y. 555, 28 N. E. 593.

The plea of the statute of limitations is an affirmative defense, and I know of no authority which makes that a ground for setting aside an injunction which otherwise was properly issued. It is true that leave to serve an amended or supplemental complaint, or to add new causes of action, has been denied where the statute of limitations has closed the right of action; but these cases have been applications to favor in actions at law. This was the case in Quimby v. Claflin, 27 Hun, 611, where the court refused to permit the amendment of a complaint by setting up a new and additional cause of action on a contract which had outlawed. So in Miller v. Johnson, 10 Civ. Proc. R. 205, the court refused to permit a supplemental complaint in an action for slander in order to set up an additional slander which was admitted to have been uttered more than two years before the application. But in the present action it is not at all clear that the statute has run against the equitable claim of the plaintiff. In respect to the granting of the injunction without notice to the defendants Leffingwell, it may be added that, practically, the present condition of affairs has afforded a fair opportunity for argument in favor of their contentions; and, while this may not be held to be equivalent to original notice of such application to a party who has appeared in the action, yet we are unable to discover any resultant injury to any of the defendants.

Under ordinary circumstances, we should find enough in this case to uphold the injunction and support the discretion as exercised below; but, in exercising the discretion of the court to grant or continue an injunction, the effects of the injunction on the interests of the parties should always be considered. Here the legal title is in the defendants, and the burden of proof rests upon the plaintiff to establish affirmatively that the deeds from her testator were obtained by fraud. The property consisted of a tract of about 9,000 acres. The claim of the plaintiff is that she is entitled to an undivided half of the property. The defendants Leffingwell have conveyed to the defendant Ackerman a tract of 800 acres, or less than one-tenth of the property, for the sum of $3,400. It appears that sales of land of the character of that in dispute are made with difficulty and only at intervals, purchasers being few. If the cutting of timber is enjoined and the plaintiff fails to succeed in the action, a serious injury will have been done the defendants, for which they have no substantial indemnity, while, on the other hand, if the defendant Ackerman is permitted to cut the timber on the land which he purchased, and the plaintiff should succeed in her suit, she will have ample security for the protection of her rights in the property remaining unsold. In fact, in all probability the sale is advantageous to both parties, no matter what may be the fate of this action.

The order appealed from should be modified so as to vacate so much of the injunction as restrains the defendant Ackerman from cutting timber, without costs of this appeal to either party.    All concur.