(47 App. Div. 377.)

LITTLEJOHN v. LEFFINGWELL et al.

(Supreme Court, Appellate Division, Second Department. January 9, 1900.)

CANCELLATION OF INSTRUMENTS—FRAUD—RESTORATION OF CONSIDERATION.

Plaintiff executed deeds and releases of her remainder in property, which she would have taken as legatee under the will of her husband, to defendants, one of whom was the joint remainder-man, and the other the life tenant. The value of such remainder had not been determined at the time of the delivery of the deed and payment of the consideration, and a division of the estate in remainder was impossible because of the uncertainty of the death of the life tenant. Held, in an action to set aside such

deeds as fraudulent, that the consideration was not a part of plaintiff's husband's estate, but was merely the purchase price of her interest in the property, and hence an order requiring her to pay such consideration into court as a condition to the vacation of such deeds was proper.

Appeal from special term, Kings county.

Action by Margaret E. Littlejohn against Lucy A. L. Leffingwell, individually and as executrix of the estate of Elisha D. Leffingwell, deceased, and others, to set aside deeds of plaintiff's remainder in certain property of her husband. From a judgment in favor of plaintiff on condition that she pay the consideration received for such deeds into court, she appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

William E. Warland, for appellant.
Charles H. Otis, for respondents.

HATCH, J. This action was brought to set aside and cancel certain releases and deeds. The facts averred in the complaint have been already stated by this court, and it is not now necessary to re-state them. Littlejohn v. Leffingwell, 40 App. Div. 13, 57 N. Y. Supp. 839. Upon the trial the defendants, while making disclaimer of having made any false or fraudulent representations as an inducing cause for the execution of the releases, deeds, etc., offered to permit the plaintiff to take an interlocutory judgment in terms as broad as the prayer of her complaint demanded, upon condition that she pay into court the sum of $10,000; that being the sum which plaintiff received from the defendants in consideration of the execution of the releases, deeds, etc., which she asked to have set aside. Thereupon the court directed judgment to be entered in the plaintiff's favor, conditioned upon her paying into the custody of the court within 60 days the said sum of money. It is claimed by the appellant that this direction was erroneous, that it was beyond the power of the court to impose such a condition, that all that was incumbent upon the plaintiff to do was to aver in her complaint a willingness and an offer to restore the money which she had received, and that upon the final determination of the controversy, and the entry of final judgment, the latter might be so molded as to protect the rights of all the parties in interest.

It is the ordinary rule that where a party seeks to avoid a contract he must restore that which he has received, before becoming entitled thereto. Curtiss v. Howell, 39 N. Y. 211. There are cases, however, where such restoration is not required. Where an offer to restore is averred in the complaint, and the rights of the parties can be clearly settled in the judgment, then restoration will not be required. Gould v. Bank, 86 N. Y. 75, and Vail v. Reynolds, 118 N. Y. 297, 23 N. E. 301, are illustrations of this rule. It has been recently stated by the court of appeals in Cox v. Stokes, 156 N. Y. 491, 507, 51 N. E. 316:

"Even if the most complete right of rescission exists, it cannot be exercised without a return or an offer to return such benefits. The only exception emphasizes the rule. Kley v. Healy, 127 N. Y. 555, 561, 28 N. E. 593."

In the last case, which is said to be the only exception, as a precedent to granting relief, the language is:

"A more satisfactory answer, however, may be found in the principle that one who attempts to rescind a transaction on the ground of fraud is not required to restore that which in any event he would be entitled to retain either by virtue of the contract sought to be set aside, or of the original liability." Page 561, 127 N. Y., and page 595, 28 N. E.

The statement referring to the complaint in this action, "even if her allegations are not true, she is entitled to retain the $10,000," contained in our former decision, was based upon the last authority; and we intended to say nothing more therein than to assert that, if the plaintiff was in any event entitled to retain the $10,000, actual restoration would not be necessary. We are therefore to examine the circumstances under which the plaintiff received the $10,000, and to determine therefrom, if we may, whether or not she has an absolute right in any contingency to retain the same.

The will of the testatrix, Alida M. Littlejohn, gave to a trustee in trust for her two children, Hugh and Lucy, all of her property. The plaintiff is the wife of Hugh. By subsequent codicil the testatrix devised a life estate in the whole of her property to her husband, De Witt C. Littlejohn. Subsequently Hugh Littlejohn transferred to his sister, Lucy, the property which is in part the subject of this action. Hugh died in 1890. After his death, in January, 1891, the life tenant, De Witt C. Littlejohn, and Lucy, the remainder-man, paid to the plaintiff for the releases, deeds, etc., which had been set aside, the sum of $10,000. At this time there could be no settlement of this estate. and distribution of its corpus or proceeds among the parties entitled thereto. The whole of it was subject to the estate of the life tenant therein, and no division could be had until his death. No accounting had been had, and nothing had been done to determine whether the plaintiff's interest in the estate was worth anything. It was not pretended to have been based upon any legal procedure which in any view established the extent of her interest in the estate either at the time of the execution of the releases, deeds, etc., or its contingent value upon the decease of the life tenant. In legal effect the transaction was a sale of the remainder which plaintiff would have taken as a legatee under the will of her husband, Hugh Littlejohn. It is not difficult, therefore, to see that with the releases and deeds set aside the interest of plaintiff in and to the property is such as she takes of the interest which Hugh had in the estate; and, if such interest should turn out to be of no value, then clearly the plaintiff would be required to restore the whole of the sum of $10,000, or such proportionate amount thereof as the interest of Hugh in the estate did not equal; and it would only be upon the contingency that the interest of Hugh equaled or was greater in amount than the sum of $10,000 that the plaintiff would be entitled to retain, as against these defendants, the sum which she received. If, therefore, the rule of law be that a party is only excused from restoration by the existence of a clear right to obtain that which she has received in any event of the action, it is quite clear that the plaintiff does not occupy that position, as the contingencies of the action may result in a judgment against her for the

whole amount which she has received.   If a less rigid doctrine could obtain than the authorities would seem to indicate, it nevertheless is clearly apparent that in this action the plaintiff may impose a burdensome litigation upon the defendants, without in the end any possibility upon their part of receiving the fruits of the judgment which they might succeed in obtaining.   As they may show themselves entitled to receive the whole sum which has been paid, and as the plaintiff may not certainly retain the same, dependent upon the contingencies of the action, it would seem that equity required that the plaintiff should place within the power of the court the means of satisfying any judgment which they may recover, to the extent of the sum of the purchase price of plaintiff's remainder.   If the plaintiff is unable to restore that which she has received, it is a misfortune, but of a kind which the court is powerless to relieve.   Curtiss v. Howell, supra.   Under such circumstances she may be relegated to other remedies.   Gould v. Bank, 99 N. Y. 333, 2 N. E. 16;   Vail v. Reynolds, supra.   Upon the present facts, however, as the sum which the plaintiff has received was not in legal effect any part of the moneys or property of the estate, but was purely the purchase price of her interest therein, we think that equity requires the deposit of the sum which she has received.   If we are correct in this view, it follows that the judgment should be affirmed.