GEORGE A. TREADWELL, Respondent, *v.* WILLIAM A. CLARK et al., Appellants, Impleaded with Others.

1. EQUITY — ACTION TO REDEEM PLEDGED STOCK, STOLEN FROM PLEDGEE. An action by the owner to redeem a certificate of stock pledged by him to secure an indebtedness, which certificate was stolen from the pledgee, and was eventually purchased by the defendant, *held*, under the circumstances of this case, to be an equitable action and the plaintiff not obliged to proceed at law by a possessory action or by an action for damages for conversion.

2. INSUFFICIENCY OF ASSIGNMENT OF CERTIFICATE. The fact that the plaintiff, when he delivered the certificate to the pledgee, wrote his name on the back thereof, did not under the circumstances make it negotiable and confer a good title upon the defendant, where the blank power of attorney on the assignment attached to the certificate was not signed or witnessed.

3. LIMITATION OF ACTIONS — CODE CIV. PRO. § 388. Such an action is governed by the limitation applicable to equitable actions and is in time if brought within ten years after the plaintiff discovered the defendant's wrongful possession of the certificate and his determination to retain it.

4. LACHES. Where the Statute of Limitations has not barred an action, mere delay in bringing it should not bar it, unless unreasonable; and where the trial court refuses to find unreasonable delay, the Court of Appeals will not reverse its determination in that respect.

*Treadwell* v. *Clark*, 114 App. Div. 493, affirmed.

(Argued June 13, 1907; decided November 19, 1907.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered July 17, 1906, affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Alfred B. Cruikshank* for appellants. The cause of action herein, if any, is not one cognizable in equity. No cause of action, in equity, to redeem a pledge or otherwise is presented by the pleadings or the evidence in this case. (*Jacobson* v. *B. L. Co.*, 184 N. Y. 152; *Roberts* v. *Ely*, 113 N. Y. 132; *Smith* v. *Bodine*, 74 N. Y. 30; *Uhlman* v. *N. Y. L. Ins. Co.*, 109 N. Y. 421; *Schants* v. *Oakman*, 163 N. Y. 148; *Durant* v. *Einstein*, 5 Robt. 423; *Sheridan* v. *Presas*, 18 Misc. Rep. 180; *Vincent* v. *Conklin*, 1 E. D. Smith, 203; *C. E. Bank* v. *Blye*, 2 N. Y. S. R. 112; 102 N. Y. 305; *Thompson* v. *St. N. Bank*, 113 N. Y. 325; *Barrowcliffe* v. *Cummins*, 66 Hun, 1.) Plaintiff's cause of action as alleged was not made out on the evidence nor sustained by the findings. (Jones on Pledges [2d ed.], § 741; *Little* v. *Barker*, Hoff. Ch. 487; *Felt* v. *Heye*, 23 How. Pr. 359; *Arnold* v. *Angell*, 62 N. Y. 508; *Southwick* v. *F. Nat. Bank*, 84 N. Y. 420; *Truesdell* v. *Sarles*, 104 N. Y. 164; *Clark* v. *Post*, 113 N. Y. 17.) Defendant Clark was a purchaser of the stock certificate for value, in good faith and without notice of the plaintiff's claim and, therefore, will be protected in his purchase. (*McNeil* v. *T. N. Bank*, 46 N. Y. 325; *Leitch* v. *Wells*, 48 N. Y. 585; *Moore* v. *Nat. Bank*, 55 N. Y. 41; *Cheever* v. *Pittsburg*, 150 N. Y. 66; *Jarvis* v. *Manhattan*, 148 N. Y. 652; *Driscoll* v. *W. B. Co.*, 59 N. Y. 105; *Dudley* v. *Gould*, 6 Hun, 98; *People* v. *Murray*, 5 Hill, 468; *Weisbrod* v. *Marquardt*, 8 Abb. [N. C.] 243; *Davis* v. *Shields*, 26 Wend. 341; *Huff* v. *Spicer*, 3 Caines, 190.) The complaint should have been dismissed on the ground of lapse of time and implied acquiescence on the part of the plaintiff in the sale to defendant Clark and because of the gross and inexcusable laches of plaintiff. (*Codman* v. *Rogers*, 10 Pick. 112; Wood on Lim. §§ 18, 22; *Lewis* v. *Mott*, 36 N. Y. 401; *Patterson* v. *Hewitt*, 195 U. S. 309; *Calhoun* v. *Millard*, 121 N. Y. 69; *Conkling* v. *Weatherwax*, 181 N. Y. 267; *P. M. Ins. Co.* v. *Austin*, 168 U. S. 685; *Baker* v. *Cummings*, 169 U. S. 189; *Twin-Lick Co.* v. *Marbury*, 91 U. S. 587; *Curtis* v. *Lakin*, 94 Fed. Rep. 251; *P. S. Co.* v. *Granville*, 181 N. Y.

90; *Alvord* v. *S. S. Bank*, 98 N. Y. 599.) The ten years' Statute of Limitations does not apply to this case, but plaintiff's cause of action was barred within six years after it accrued. (*Lammer* v. *Stoddard*, 103 N. Y. 672; *Porter* v. *Parks*, 49 N. Y. 564; *Cass* v. *Higenbotam*, 100 N. Y. 248; *Hovenden* v. *Lord Annesley*, 2 S. & L. 607; *Knox* v. *Gye*, 5 H. L. 656; *Badger* v. *Badger*, 2 Wall. 94; *Humbert* v. *Trinity Church*, 24 Wend. 587; *Borst* v. *Corey*, 15 N. Y. 505; *Clark* v. *Ford*, 3 Keyes, 370; *Rundle* v. *Allison*, 34 N. Y. 180.)

*Charles M. Desmond* for respondent. Defendants' demand for a jury trial was properly denied. (*Marshall* v. *De Cordova*, 26 App. Div. 615; *Black* v. *White*, 5 J. & S. 320; *Kenney* v. *Apgar*, 93 N. Y. 539.) The title of the plaintiff in the certificate of stock pledged as security for a debt could not in any way be affected until sold by public sale or judicial decree, after notice to the pledgor. There was no waiver by plaintiff of his right to such notice. (*Sheridan* v. *Presas*, 18 Misc. Rep. 180; *Bailey* v. *Drew*, 17 N. Y. S. R. 189; *Strong* v. *B. Assn.*, 45 N.Y. 718; *Markham* v. *Jaudon*, 41 N.Y. 235; *F. Nat. Bank* v. *Hall*, 22 App. Div. 353; *McCutcheon* v. *Dittman*, 23 App. Div. 285; *Usher* v. *Van Tranken*, 48 App. Div. 413; *Toplitz* v. *Bauer*, 161 N. Y. 325; *Nickers* v. *Battershall*, 84 Hun, 496; *Stearns* v. *March*, 4 Denio, 227.) The defense in an equity action, that an adequate remedy at law exists, must be pleaded in defendants' answer. It is not pleaded here, and consequently defendants cannot take advantage of this point, either in connection with the consideration of the Statute of Limitations or on the question of whether or not we are properly in equity. (*Ostrander* v. *Weber*, 114 N. Y. 95; *Town of Mentz* v. *Cook*, 108 N. Y. 504.) There is no merit in defendants' claim that plaintiff had no cause of action in equity, or had not proved it. Plaintiff has properly brought this action in equity to redeem the pledge. Plaintiff had no adequate remedy at law. (*Castoriano* v. *Dupe*, 145 N. Y. 250; *Bennett* v. *Austin*, 81 N. Y. 308; *Cushman* v.

*Thayer*, 76 N. Y. 365; *Pollock* v. *Nat. Bank*, 7 N. Y. 274; *Pratt* v. *Taunton Co.*, 123 Mass. 110; *American Co.* v. *Day*, 20 J. & S. 128; *Telegraph Co.* v. *Davenport*, 97 U. S. 369; *P. R. R. Co.* v. *Phila. R. R. Co.*, 153 Penn. St. 160.) The plaintiff having a legal title to the certificate of stock, could bring this action in equity for its redemption against the pledgee or against any person into whose hands the certificate may have come illegally, and no tender other than in the bill of complaint of the amount due on the debt need be established. (Jones on Pledges, § 748; *N. Y., L. E. & W. R. R. Co.* v. *Davies*, 38 Hun, 477; *Sheridan* v. *Presas*, 18 Misc. Rep. 180; *Barber* v. *Hathaway*, 47 App. Div. 165; *Bailey* v. *Drew*, 17 N. Y. S. R. 189; *Roberts* v. *Sykes*, 30 Barb. 173.) Plaintiff's cause of action was not barred by the Statute of Limitations. (*Roberts* v. *Sykes*, 30 Barb. 183; *Bowman* v. *Hoffman*, 2 N. Y. Supp. 212; *Bailey* v. *Drew*, 17 N. Y. S. R. 189.) Plaintiff's cause of action was not barred by laches. Plaintiff has not been guilty of any laches. (*Calhoun* v. *Millard*, 121 N. Y. 82; *R. C. Co.* v. *King*, 2 Simon [N. S.], 89; *Archbold* v. *Scully*, 9 H. L. Cas. 83; *Ormsby* v. *V. C. M. Co.*, 56 N. Y. 623; *Derby* v. *Yale*, 13 Hun, 273; *Cox* v. *Stokes*, 156 N. Y. 511; *Matter of Maddever*, L. R. [27 Ch. Div.] 528.) As a matter of law, as appears from the certificate itself, and as shown by the other facts in the case, every one of the defendants had notice of plaintiff's rights, and, therefore, took subject to those rights, and hence they will not be protected to any extent whatsoever. (*C. R. R. Co.* v. *Bank*, 73 Ga. 383; *O'Herron* v. *Gray*, 168 Mass. 573; *Canajoharie Bank* v. *Diefendorf*, 123 N. Y. 191; *Simpson* v. *Del Hoyo*, 94 N. Y. 189.) Certificates of stock are not negotiable like commercial paper to the extent of making a transfer to a purchaser without notice and for value equivalent to a title. Thomas stole the stock from Bennett, the original pledgee, and sold it to Burgess, and he in turn to Clark. None of them had any title and plaintiff can recover his stock, and this irrespective of any question of notice. (*Knox* v. *Eden Musee*, 148 N. Y.

441; *Marden* v. *Dorthy*, 160 N. Y. 41.) Even if the defendant Clark had no notice of plaintiff's rights, but was a *bona fide* taker of the stock, nevertheless he got no title to the stock certificate. The courts, on the doctrine of an equitable estoppel, may protect him to the extent of his advances for the stock, viz., his $300 with interest, but only to that extent, and upon plaintiff's paying him his advances and interest plaintiff has the right to recover his stock. (*McNeil* v. *T. Nat. Bank*, 46 N. Y. 325; *Weaver* v. *Barton*, 49 N. Y. 286; *Moore* v. *Met. Bank*, 55 N. Y. 41; *Smith* v. *Savin*, 141 N. Y. 315; *Mohawk Bank* v. *Schenectady Bank*, 78 Hun, 90.)

Gray, J. This action was brought to redeem from the defendants' possession one hundred shares of the capital stock of the United Verde Copper Company, which the plaintiff had pledged to secure an indebtedness and which, having been lost by, or taken from, the pledgee, eventually, was purchased by the defendant Clark. The plaintiff had judgment, entitling him to redeem the certificate for the shares upon payment of the amount of the indebtedness for which it was pledged and upon further making good to Clark the amount that he had paid for it. The judgment requires Clark to return, with the certificate, the dividends received upon the stock, with interest, and, in default thereof, gives the plaintiff the value of the stock at the time of the trial.

The facts, as they are conclusively established for this court, by the unanimous affirmance of the judgment entered upon the findings, may, sufficiently for the questions to be considered, be stated as follows. The plaintiff, while residing in London, England, became indebted to Bennett, a grocer, for provisions and, in 1888, " as a pledge for the payment of " his then indebtedness and for that which he might thereafter incur, " and for no other purpose," delivered to Bennett's manager the hundred shares of stock, in question. Upon delivering the certificate, which stood in his name, the plaintiff wrote his name upon the back thereof; but the finding is that he " did not execute, or subscribe, any written assign-

ment thereof, or any power of attorney in blank, or otherwise, authorizing any other person to assign said certificate." Thereafter, Bennett's manager, in whose possession he had left the certificate, left him; took, without his employer's knowledge, the certificate to this country and then, in January, 1893, sold it to Burgess, from whom Clark acquired it, in June of the same year, for the price of $300. No proceedings had ever been taken by, or for, Bennett to realize upon the pledged stock by a foreclosure of the lien, or by sale with notice, or otherwise. The amount of that indebtedness was in dispute, at the time of the deposit of the stock by the plaintiff, and it remained in dispute until the trial of this action. The plaintiff, in his complaint, made a tender to Bennett of the amount he, plaintiff, alleged to be due upon his account and, also, of any larger sum which might be found to be due from him. In June, 1893, the plaintiff, first, became aware that Clark had possession of his stock, through a request to him to execute an assignment of the certificate. Bennett's manager and his vendee, Burgess, whose indorsements upon the certificate were insufficient and irregular, at Clark's request, had executed formal assignments. When the request came to plaintiff from Clark, it was his first knowledge that Bennett had parted with the pledged stock, and he notified Clark, personally and in writing, of the facts relating to his ownership and to the pledge. He demanded of him the certificate and, further, notified the copper company of his ownership of the stock. When Clark had purchased the stock, he observed that there had been no regular, or formal, transfer, or assignment, of the certificate. In subsequent interviews, after the plaintiff knew that Clark had his stock, the facts were fully disclosed to Clark, or his agent, concerning plaintiff's title and his grounds for claiming its return to him. The trial court found that Clark, prior to his acquisition of the stock, had no knowledge that it had been pledged by the plaintiff to Bennett, or how it had come into the possession of Bennett's manager; but the court, expressly, refused to find, upon Clark's request, that Clark "purchased

said stock in good faith, believing Burgess had the title thereto and a right to dispose thereof." For this refusal, there was warrant in the evidence of the circumstances surrounding Clark's transaction of purchase. The inferences were, certainly, sufficiently strong for the court to refuse to find good faith and to limit its statement of fact to the one that Clark, prior to his acquisition of the stock, had no actual knowledge, or information, of the defendant's pledge of the stock. The plaintiff, some time after Clark's refusal to deliver up the stock to him, in 1899, commenced this action. He joined as parties defendants all who had been, or might be, interested in the issues ; including the public administrator of the county of New York, who, upon Bennett's death pending the action, had received letters of administration upon Bennett's estate, and the directors of the copper company, who, by reason of proceedings for the dissolution of the corporation, had become vested with its property and rights, under our statutes.

Of the many objections which the appellants, who are Clark, the company and its directors, have made to the plaintiff's recovery, there are but a few which I deem it important to consider.

His right to maintain an equitable action is questioned and it is argued that his remedy was at law, by a possessory action, or by an action for damages for conversion. This defense was not pleaded in the answer ; but assuming that he could assert it upon the trial, by his motion to dismiss upon the pleadings, it is untenable. The plaintiff's right to the stock had never been foreclosed, or divested, by any proceedings on the part of Bennett, who held the title to it as pledgee. It is true that, as a general rule, an action in equity will not lie to redeem property pledged for a debt ; but this case falls within a recognized exception to the rule. An equitable action is proper where special grounds appear. (See 2 Story's Eq. Jur. sec. 1032; Jones on Pledges, sec. 556; *Roberts* v. *Sykes*, 30 Barb. 173.) In the first place, it was necessary that there should be an accounting, in order to ascertain the amount of the plain-

tiff's indebtedness, for which the stock had been pledged. That was in dispute at all times. In the next place, while Clark held the certificate of stock, he did not own the debt for which it had been pledged and if he had not acquired the stock in good faith and was not entitled to retain it, he was bound to account for the dividends and profits which he had received upon it. Further, if the plaintiff's title had never been divested, he was entitled to have back the stock itself. He had the right to have his investment and could not be remitted to a judgment for damages against Clark. In that connection, it may be remarked that it was alleged in the complaint, and it was not denied in the answer, that Clark was, practically, through his ownership, or control, of all but a few hundred shares of the capital stock, the United Verde Copper Company itself.

It is unnecessary to discuss the claim of the appellant that he should be protected in his purchase, by reason of the delivery to him of the certificate, with indorsements in blank by the plaintiff and by his assignor. It appears that upon the back of the certificate was printed a blank power to transfer; which was not subscribed, nor executed, by the plaintiff. He, Thomas and Burgess had signed their names in the blanks in the instrument intended for the insertion of those of the assignor, his attorney and his assignee. No signatures of parties, or witness, appeared below, as regularity would require. If Clark had purchased in good faith, mere irregularities in the signatures of the previous holders and the want of formal transfers might be disregarded and the intent to transfer by delivery might be found and would be given effect. But, in addition to the finding that the plaintiff did not execute, or subscribe, any written assignment, or any power of attorney in blank, authorizing any other person to assign the certificate, we have a refusal by the court to find that Clark purchased the stock in good faith, believing Burgess had the right to dispose of it. The stock was stolen from the pledgee and the plaintiff, as its true owner, had the right to assert title to it in whosoever hands he might find it, subject to the discharge of

the lien of the pledgee for the debt.   As Clark cannot stand
upon his good faith in purchasing it, he, certainly, cannot be
heard to say that plaintiff's indorsement of the certificate, or
that of the other intermediate holders, was sufficient, or
intended, to make the certificate negotiable and pass with
good title by mere delivery.   He took it subject to all the
equities existing against it in the hands of his assignor.   In
awarding to him, notwithstanding the refusal to credit him
with good faith in the purchase, the moneys he had paid for
the stock, with interest, the trial court was more lenient, per-
haps, than it was compelled to be.

It is argued that the plaintiff's cause of action was barred
by the lapse of more than six years from the time it accrued.
The plaintiff first knew that his stock had gone from the pos-
session of Bennett, the pledgee, in June, 1893, when he
received the request of Clark to execute a formal assignment
of the certificate.   As this action was commenced in Decem-
ber, 1899, more than six years had elapsed since the plaintiff's
discovery of the disposition made of his stock.   I think that
the action was governed by the provision of section 388 of
the Code of Civil Procedure, which fixes a limitation of ten
years after the cause of action accrues, in a case where a lim-
itation is not specially prescribed.   This section applies to all
equitable actions, (*Gilmore* v. *Ham*, 142 N. Y. 1), and this
clearly was one, as I have before pointed out.   That being
so, the cause of action did not accrue until the plaintiff knew
of Clark's wrongful possession of his stock and his determina-
tion to retain it.   His title to the stock had never been
divested and his right to resume its absolute possession
depended upon his satisfaction of a disputed indebtedness,
not to Clark, but to Bennett.   Hence, his action to redeem
the stock from Clark's hands was not upon any contract obli-
gation, or liability, on the latter's part, but upon his obligation
to return the stock for want of a good title to it and to account
for the profits received upon it.   Bennett had made no request
to plaintiff to redeem and the latter was placed in the position
of having to establish the wrongful disposition of the pledge;

the invalidity of Clark's title to it and the amount in which he, the plaintiff, was indebted upon the stock to his pledgee. It seems to me very clear that, as the legal remedy was imperfect, the statute bar as prescribed for equitable remedies was applicable.

Finally, the appellants make the objection that the plaintiff was guilty of laches in bringing his action. This defense, properly, should have been pleaded, (*Zebley* v. *Farmer's L. & T. Co.*, 139 N. Y. 461–468); but even if it was open to the appellants to insist upon such an objection, under the circumstances, as disclosed upon the trial, this court should not overrule the courts below in their refusal to recognize it. If the Statute of Limitations has not barred the suit, mere delay should not be held to bar it, unless unreasonable. The trial court refused to find, at the request of the defendants, that the plaintiff was guilty of unreasonable delay in acting upon his rights and this court should not overrule the determination of the courts below in that respect. We have held it to be a matter of serious doubt whether the equitable doctrine of laches, as distinct from the Statute of Limitations, now exists in this state, (*Cox* v. *Stokes*, 156 N. Y. 511); but, however that may be, I do not see how this court can interfere with the finding below that the plaintiff has not waived his right to equitable relief by any neglect to proceed promptly. Whether he was at fault for unreasonably deferring his action, or was chargeable with acquiescence in the situation, was a question upon all of the facts developed by the evidence. It was one to be determined in the discretion of the court upon the circumstances. (*Galway* v. *Metr. E. R. Co.*, 128 N. Y. 132, 156.)

No other material objections are presented by this appeal and, in view of the full consideration which the case has received in the Appellate Division, further discussion is unnecessary.

I advise the affirmance of the judgment, with costs.

HAIGHT, VANN, WERNER and HISCOCK, JJ., concur; CULLEN, Ch. J., not voting; EDWARD T. BARTLETT, J., dissents.

Judgment affirmed.