(136 App. Div. 874.)

STAIGER v. KLITZ et al.

(Supreme Court, Appellate Division, Second Department. March 31, 1910.)

1. CANCELLATION OF INSTRUMENTS (§ 37*)—EQUITABLE ACTIONS—RESTORATION OF BENEFITS—OFFER IN COMPLAINT—SUFFICIENCY.

In an equitable action for rescission of a contract on the ground of fraud, etc., plaintiff's offer to restore the consideration received under the contract may be made in the complaint.

[Ed. Note.—For other cases, see Cancellation of Instruments, Cent. Dig. § 73; Dec. Dig. § 37.*]

2. CANCELLATION OF INSTRUMENTS (§ 24*)—RESCISSION—EQUITABLE ACTIONS— RESTORATION OF BENEFITS—NECESSITY OF OFFER.

The general rule that in an equitable action to rescind a contract for fraud plaintiff must offer to restore benefits received under the contract is subject to the exception that such offer is not necessary where plaintiff is entitled to retain what he received under the contract in any event; so that where copartners agreed that an account should be taken to determine the respective amounts to which they were entitled, and plaintiff accepted the results of the accounting by his copartners, which fraudulently concealed firm assets so as to show that he was entitled to some

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

$12,000 less than his just share, plaintiff need not offer to restore the amount he received under the accounting in an equitable action to rescind the settlement contract.

[Ed. Note.—For other cases, see Cancellation of Instruments, Cent. Dig. §§ 33–38; Dec. Dig. § 24.*]

3. PLEADING (§ 214*)—DEMURRER—ADMISSIONS.

Allegations of fact in the complaint are deemed true for the purposes of a demurrer thereto.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 525; Dec. Dig. § 214.*]

4. ACCOUNT STATED (§ 11*)—CORRECTING.

It is not always necessary to reopen the entire account in order to correct a charge or omission therein made through mistake or fraud, but plaintiff may prove the mistake or fraud as to the particular charge or omission, and the remainder of the account will bind the other party unless he also seeks to have it reopened.

[Ed. Note.—For other cases, see Account Stated, Cent. Dig. §§ 61–72; Dec. Dig. § 11.*]

5. ACCOUNT STATED (§ 11*)—CORRECTING—PROCEEDINGS—PLEADING—AFFIRMATIVE RELIEF.

In an action to set aside an account for fraud or mistake, if defendant also desires a restatement of the account, he must affirmatively ask such relief in his pleadings.

[Ed. Note.—For other cases, see Account Stated, Cent. Dig. § 67; Dec. Dig. § 11.*]

Appeal from Special Term, Kings County.

Action by Christopher Staiger against Robert H. Klitz and another. From an interlocutory judgment for plaintiff, defendants appeal. Affirmed.

See, also, 129 App. Div. 703, 114 N. Y. Supp. 486; 125 App. Div. 909, 109 N. Y. Supp. 1148; 121 App. Div. 909, 106 N. Y. Supp. 1146; 118 App. Div. 897, 103 N. Y. Supp. 1142.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, BURR, and CARR, JJ.

John W. Boothby, for appellants.
Henry Schoenherr, for respondent.

CARR, J. The parties to this action were copartners. They have dissolved their former relations by mutual agreements in writing. The final written agreement between them purports to state summarily the partnership assets and the mutual interests therein of the respective partners. The plaintiff's interest was stated as of the fixed sum of $32,061.21; and, in consideration of the payment to him of the sum of $20,000 and delivery to him of two promissory notes aggregating $6,061.21, he released his copartners from all obligations to him arising out of the copartnership. In addition to the cash and notes so received by him for his share of the partnership assets, he received the sum of $10,000 for his interest in the good will and for the right of the former partners to use his name as a part of the firm name or style in their own business. He now claims that in releasing his partners from all obligations to him as to the firm's assets he was deceived by them, through false and fraudulent representations as to the firm's

accounts, into accepting as true the summary statement set forth in the instrument of release. He asks for a rescission of that instrument, not in so far as it dissolves the partnership nor as to the provision as to his sale to them of his interest in the good will, but only to the extent that it releases them from obligation to him to account for the firm assets, and, upon such a rescission being decreed, he asks for an accounting accordingly. His complaint was demurred to on the ground that it did not state upon its face facts sufficient to constitute a cause of action. From an interlocutory judgment overruling the demurrer, this appeal is taken. The complaint fails to allege that, upon discovering the alleged fraud, the plaintiff tendered back to the defendants the notes and cash received as a consideration for the release, nor does it contain any offer to tender or surrender the cash and notes in order that the status quo ante may be restored. If such offer be essential to sustain his cause of action, then the complaint was demurred to properly. It is a well-settled rule that where one attempts to rescind a contract on the ground of fraud, and comes into equity for relief, he must tender restoration. As was said in Cox v. Stokes, 156 N. Y. 491, 506, 51 N. E. 316, 320:

"Effective rescission requires a lawful right to rescind, due notice of an intention to rescind and the restoration of benefits received by the party attempting to rescind, so that the other party may be placed in statu quo. Even if the most complete right of rescission exists, it cannot be exercised without a return or an offer to return such benefits."

There is a distinction between actions brought upon a rescission at law and actions brought in equity for a rescission, in the respect that in the latter class the offer to restore may be made in the complaint itself. Gould v. Cayuga Co. Nat. Bank, 86 N. Y. 75; Vail v. Reynolds, 118 N. Y. 297, 23 N. E. 301.

The rule just stated has but few exceptions, and the most important of these arises where the party electing to rescind has received only what he must be deemed entitled to keep, however the action may turn out; and, in that case, an offer to restore is not an essential allegation in his complaint.

The best example of this exception is to be found in the case of Kley v. Healy, 127 N. Y. 555, 28 N. E. 593. There the plaintiff had a judgment against the defendant which was a lien upon his lands. By false and fraudulent representations he induced the judgment creditor to satisfy the judgment and give him a general release upon his paying the counsel fees incurred by the judgment creditor in the action in which the judgment was obtained. On discovering the fraud, the judgment creditor brought an action in equity to establish a rescission of the general release and the satisfaction piece, and in the complaint made no offer to restore what had been paid by the defendant. It was there held that no offer to restore was necessary, inasmuch as in any event, whether the plaintiff succeeded or was defeated in the action, she was entitled to retain what had been paid, as it was less than the fixed amount of the judgment, which was undisputed and indisputable. Notwithstanding there was no offer to restore, if the plaintiff succeeded in establishing the right to rescind, the court by its judgment would, in decreeing relief, take into account what had been paid. In

order that the principle applied in that case may be clearly grasped, it must be borne sharply in mind that there the original obligation or liability of the defendant was definitely fixed, undisputed, and in fact indisputable, as it arose from the highest form of obligation, namely, a judgment. While the fact that a judgment was involved was accidental, it was necessary for the application of this principle that the original obligation should have been definitely fixed in amount and undisputed between the parties. If, however, the amount of the original obligation was not definitely fixed between the parties, or if its validity was disputed as between them, and the moneys paid by the defendant were in compromise, then an offer to restore became essential, as otherwise the action in equity would be merely speculative on the part of the plaintiff, who would be in the position of one who wished to keep what he had, to his own advantage, and to give it up only when he would gain by its surrender; or, in other words, refused that equality of situation which is the basis of equity, for "equality is equity." Gould v. Cayuga Co. Nat. Bank, ut supra.

The learned court at Special Term thought that the case presented by the complaint was one to which the exception to the general rule. as to restoration, or an offer to restore, should apply. The original obligation between the parties was for a just proportionate distribution of the assets of the copartnership. While the proportions of the distribution were fixed and definite, the amount of each portion could become definitely known only by an accounting or by mutual agreement. They agreed among themselves in writing that the account should be taken and stated by expert accountants, and that the plaintiff should have the privilege of having the firm accounts examined by his own accountant. For one reason or another, the plaintiff either did not or could not have his own accountant go over the firm accounts. He accepted the result represented to him by his copartners as correct; and he now alleges that in making such representations they defrauded him knowingly by the omission of firm assets and by making false charges against the firm, and in various other ways, to such an extent that his true interest in the firm assets was fraudulently understated $12,000 or more. For the purposes of a demurrer, these allegations must be deemed true, so far as they are allegations of fact, and, on this appeal, no contention is put forward as to their sufficiency on that score. If this be so, then the complaint discloses a situation in which one who was entitled admittedly to receive some $44,000 has been induced fraudulently to accept $32,000, and hence there is no necessity of an offer to restore as a foundation for an action in equity. Price v. Stout, 84 App. Div. 334, 82 N. Y. Supp. 935; Richards v. Fraser, 122 Cal. 456, 55 Pac. 246; Menzenhauer v. Schmidt, 63 N. J. Eq. 463, 52 Atl. 156.

There is nothing to the contrary in the opinion of this court in Littlejohn v. Leffingwell, 47 App. Div. 377, 62 N. Y. Supp. 79, as there the question involved did not arise upon a demurrer to the sufficiency of the complaint, but arose from a provision made in an interlocutory judgment based upon the peculiar facts of that case. It is suggested, however, that even if the plaintiff were granted relief by cancellation of his release, on the ground of fraud, his full rights could not be as-

certained without an accounting, on which it might appear that he had received more than what he was entitled to and become subject to an affirmative judgment against himself, and that, therefore, he should now offer to restore as a condition of securing the equitable relief of cancellation.    Here, again, it must be borne in mind that the question now before us is as to a demurrer, and that only.    It has been held in this state, in a case precisely similar to this, and in an action where the plaintiff in his complaint did offer to restore and sought an accounting, and where an accounting was had, that an affirmative judgment against himself for a balance in excess of what he had received by virtue of a fraudulent settlement, which had been vacated by the court, could not be sustained in the absence of a counterclaim on the part of the defendant.    White v. Reed, 124 N. Y. 468, 478, 26 N. E. 1037; Wright v. Delafield, 25 N. Y. 266.

Where one seeks to avoid an account stated on the ground of mistake, or of fraudulent charge or omission, it is not necessary always to reopen the entire account.    He may prove the mistake or fraud as to the charge or omission, and the remainder of the account will bind the defendant unless he also seeks a restatement of the account on the ground of mistake or fraud, and, if he does so, he must plead affirmatively for that purpose.    Carpenter v. Kent, 101 N. Y. 591, 5 N. E. 787; Conville v. Shook, 144 N. Y. 686, 39 N. E. 405; Ballard v. Beveridge, 171 N. Y. 194, 63 N. E. 960.

The interlocutory judgment overruling the demurrer is affirmed, with costs.    All concur, except HIRSCHBERG, P. J., not voting.