Jasen, J. (dissenting).
I dissent and vote to affirm. In my opinion the position of the majority, that laches prevents the plaintiff from prosecuting this declaratory judgment action, is incorrect.
We have held that laches will estop a party when he has unreasonably or inexcusably delayed asserting an equitable remedy and this delay has worked a disadvantage or injury upon his opponent. (Weiss v. Mayflower Doughnut Corp., 1 N Y 2d 310, 318; Marcus v. Village of Mamaroneck, 283 N. Y. 325, 332.) However, whether the delay was unreasonable or resulted in prejudice to the opponent is to be determined by the trial court upon the facts before it. (Matter of Lord, 78 N. Y. 109; Treadwell v. Clark, 190 N. Y. 51; Galway v. Metropolitan El. Ry. Co., 128 N. Y. 132, 156; but see, Weiss v. *372 Mayflower Doughnut Corp., supra, p. 321 [no laches as a matter of law].)
In regard to declaratory judgment actions dealing with marital status, such as the one before us, this principle of laches has been applied where the defendant .spouse is found to have relied upon the unjustified inaction or acquiescence of the plaintiff spouse and has remarried. In such instances, the plaintiff will be estopped from bringing a declaratory judgment action to have the second marriage declared invalid. (See Sorrentino v. Mierzwa, 25 N Y 2d 59, 64, and cases cited therein.)
In the situation before us, I believe the majority has incorrectly perceived the posture of the case, thereby creating a straw man which it proceeds to knock down. Contrary to the view of the majority, the Appellate Division did not hold that, as a matter of law, there had been no estoppel by laches. Bather, the court below found as a matter of fact that there was no unjustifiable delay by the plaintiff and, furthermore, that there was no reliance by the defendant.
I agree with the Appellate Division in its conclusion that plaintiff was not guilty of unjustifiable delay in bringing this suit. Mrs. Krieger, from whom the plaintiff had been separated for some time, merely brought an action in Florida as a result of which she no longer considered herself married to the plaintiff. She did not attempt to immediately remarry; she did not attempt to dispose of jointly owned property; and, since they were already separated, she did not leave plaintiff’s bed and board as a result of the divorce. While it might be said that Mrs. Krieger’s attempted divorce gave rise to a justiciable controversy between the parties, there is a substantial likelihood that had suit been brought at an earlier time the court, as noted by the Appellate Division, would have refused to take jurisdiction in the exercise of its discretion. (Krakower v. Krakower, 291 N. Y. 604; Borax v. Borax, 119 N. Y. S. 2d 819 [Sup. Ct., 1953].) On this state of facts, it appears extremely inequitable to say that the husband unreasonably delayed in bringing the suit, and the Appellate Division so found.
Moreover, I do not believe the requisite reliance by the defendant wife has been shown to support her defense of laches. Her subsequent remarriage could have been the result of either her reliance upon acquiescence by her husband, or her reliance *373 only upon the supposed validity of the Florida decree irrespective of her husband’s actions, or her reliance upon both the validity of the Florida decree and plaintiff’s acquiescence. I believe the record supports a conclusion that Mrs. Krieger’s remarriage was not based upon any acquiescence by the plaintiff in the Florida divorce. Following the Florida decree, Mrs. Krieger was prevented by the plaintiff from obtaining a religious divorce. Eventually she succeeded in securing the religious divorce, but did so without apprising plaintiff of her actions. It is my opinion that the plaintiff’s opposition to the religious divorce and his wife’s actions in secretly obtaining one clearly indicate both that the plaintiff did not acquiesce in his wife’s divorce and that she was aware of his lack of acquiescence. The Appellate Division reversed the trial court on the law and facts and noted "we must hold that the mere passage of time without more does not form a sufficient basis to support [the. defense of laches].” This finding of fact that defendant did not rely upon any acquiescence by the plaintiff is supported by the weight of the evidence and should be upheld.
While the plaintiff correctly felt it unnecessary to participate in the defendant’s Florida divorce action, he made it known to her that he did not acquiesce in this divorce. This is all that was required of him until the defendant attempted to make a substantial change in their jural relations through remarriage. I do not believe that an innocent spouse should be compelled to go to the considerable expense of litigation solely because the other spouse has fraudulently obtained a divorce. Therefore, I conclude the order of the Appellate Division should be affirmed.
Judges Burke, Brbitel and Gibson concur with Judge Bergan ; Judge Jasen dissents and votes to affirm in a separate opinion in which Chief Judge Fuld and Judge 'Scileppi concur.
Order reversed, without costs, and case remitted to Supreme Court, New York County, for further proceedings in accordance with the opinion herein.