## WELSBACH LIGHT CO. v. MAHLER.

(Circuit Court, S. D. New York. June 6, 1898.)

EQUITY PRACTICE—DISCONTINUANCE.

> When a cause has been at issue for over two years by filing of replication, and nothing whatever has since been done, complainant cannot then discontinue; and defendant is entitled to put the cause on the calendar, and take an order dismissing the bill.

This was a suit in equity by the Welsbach Light Company against William Mahler. The cause was heard on complainant's motion for leave to discontinue.

John R. Bennett, for the motion.
Edward N. Dickerson, opposed.

LACOMBE, Circuit Judge. This case was at issue by filing of replication more than two years ago. Since that time nothing has been done by complainant, except serving the papers for this motion. In consequence, there is no evidence upon which complainant could ask for judgment; nor has the time to take testimony been extended by order of court, nor by express stipulation nor by implied stipulation, as in cases where both sides take testimony after the expiration of the time fixed by rule. Defendant is therefore entitled to put the cause on the equity calendar, and take an order dismissing the complaint. To allow the plaintiff to discontinue would deprive defendant of the right to enter such judgment of dismissal, and possibly avail of it hereafter in future litigation between the same parties. The motion for leave to discontinue is denied; but, if complainant so desires, a decree may be entered reciting the progress of the action, and dismissing complaint, with costs to defendant.