UNITED STATES v. REESE (McCLURE et al., Interveners).

(Circuit Court, D. Oregon. January 4, 1909.)

No. 3,179.

1. EQUITY (§ 195*)—CROSS-BILL—NATURE AND EFFECT.

A cross-bill in equity is but an auxiliary to the original suit, and depends thereon. It is brought in the court in which the original suit of which it becomes a part is pending, and must be preferred by a defendant to the original bill against plaintiff in the same suit, or against other defendants, or both. It must state the parties to the original bill, the object, prayer, or proceedings thereon, as also the facts and rights of the exhibiting party, the ground on which he resists complainant's claim, and should pray that the cross-cause and the original cause be heard at the same time, and one decree made adjudicating all the rights of the parties.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 446–449; Dec. Dig. § 195.*

For other definitions, see Words and Phrases, vol. 2, pp. 1758–1761; vol. 8, p. 7621.]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. EQUITY (§ 202*)—CROSS-BILL—PRAYER.

Where a cross-bill does not state facts entitling the cross-complainants to affirmative relief, it cannot be aided by the prayer demanding it.

[Ed. Note.—For other cases, see Equity, Cent. Dig. § 469; Dec. Dig. § 202.*]

3. PUBLIC LANDS (§ 103*)—RIGHT TO PATENT—DETERMINATION BY COURT.

Federal courts will not determine the question of right to a patent to public land while the matter is pending in the land department for adjudication, nor until the department has refused to act or has acted without authority of law.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. § 307; Dec. Dig. § 103.*

Jurisdiction of federal courts in suits under public land laws, see note to Bailey v. Mosher, 11 C. C. A. 314.]

4. EQUITY (§ 330*)—ANSWER—AFFIRMATIVE RELIEF.

Under the rule that affirmative relief may be granted on an answer setting up matters proper for a cross-bill only where the case is heard on the merits without objection to the pleadings, the fact that complainant had replied to an answer claiming affirmative relief did not prevent it from objecting thereto before trial.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 665, 666; Dec. Dig. § 330.*]

5. EQUITY (§ 359*)—DISMISSAL—AFFIRMATIVE RELIEF—CROSS-BILL.

Where interveners in a suit to set aside a patent to public land had merely demanded affirmative relief in an answer, and had not obtained a standing in court by cross-bill framed and filed in accordance with the rules of equity pleading, they could not object to complainant's motion to dismiss before trial because of their alleged right to affirmative relief.

[Ed. Note.—For other cases, see Equity, Cent. Dig. § 752; Dec. Dig. § 359.*]

6. EQUITY (§ 359*) — RIGHT TO DISMISS — TIME — INTERVENING RIGHTS OF OBJECTORS.

The United States, having instituted suit to set aside a patent to public land on the ground of fraud, believed, when the suit was brought, that the patentee and his grantee were actual persons, and that they had participated in the fraud, on which theory the bill was filed. Interveners answered, claiming to be innocent purchasers for value, to which the government replied, and, prior to the expiration of time for taking testimony in its behalf, moved to dismiss because it had since learned that the patentee and his grantee were fictitious persons, and that if the suit was brought on that theory interveners would not be entitled to the defense of bona fide purchasers. *Held* that, since whatever rights interveners had acquired since the proceeding was instituted, they had obtained on the pleadings only, complainant was entitled to dismiss under the rule that plaintiff may dismiss without prejudice at any time before interlocutory or final decree, on payment of costs.

[Ed. Note.—For other cases, see Equity, Cent. Dig. § 752; Dec. Dig. § 359.*]

## In Equity.

This suit was originally commenced against John Reese with a view to the setting aside of a patent issued in that name by the government of the United States to the southeast quarter of section 5, township 11 south, of range 7 east, W. M., in Linn county, Or., on the ground that the same was obtained by fraud. The complainant treats John Reese as an actual personage, and as having participated in the alleged fraud. The interveners were allowed to intervene, and they have filed their answer to the bill of complaint. By their answer they admit most of the facts set forth in the complaint, but deny that any fraud was committed in procuring the issuance of the patent to the land

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

concerned from the general government. The interveners, further answering, set up further matter constituting their defense to the bill, and pray affirmative relief. Briefly, the matter alleged is that the said John Reese, after complying with all the laws relative to the securing of title to public lands under the homestead act, was awarded a patent by the government; that subsequently, for value, he sold and conveyed the land, by warranty deed, to one G. Otterson, and that Otterson thereafter, on the 9th of September, 1903, conveyed by warranty, for value, to one Asa Owen Garland; that thereafter the land was, by proper authority of the United States and pursuant to law, included in the Cascade Range Forest Reserve; that, under the provisions of law in such cases made and provided, the said Asa Owen Garland became entitled to relinquish such land to the United States, and in lieu thereof to. select other uninhabited and unappropriated land of the United States; that, in pursuance of said provisions of law, Garland, under date of September 16, 1903, executed a deed of relinquishment to the United States to the base land, and selected in lieu thereof the south half of the southeast quarter, and the east half of the southwest quarter of section 6, township 9 south, range 7 west of the Willamette meridian, in Polk county, Or., and that said selection was made in all respects as provided by law, and all the papers required by the law and practice of the land department of the United States were filed with the register and receiver of the United States land office at Portland, Or. (formerly at Oregon City, Or.), on the date last named; that said papers were duly forwarded to the General Land Office at Washington, D. C.; that the selection has not yet been approved by the Commissioner of the General Land Office, and that its approval rests solely upon the integrity of the title of said selector of said lands. There is pending no contest or protest thereto, and no prior rights thereto have attached to any one. The answer then further sets up that Garland conveyed by warranty deed the land selected by him to one Fred S. Chapman, and that Chapman subsequently, on October 20, 1903, conveyed by like deed to William C. McClure; and it shows the death of McClure and the appointment of Helen A. McClure, Charles W. McClure, and John J. Rupp as trustees of his last will and testament. It is further alleged that, at the time of the death of William C. McClure, he was the owner of an undivided one-fourth interest in the land selected, and that interveners Jethro G. Mitchell and Leroy Brooks were the owners of the remaining undivided three-fourths interest; that the said Asa Owen Garland relinquished to the government, and made the selection designated, relying upon the good faith of the United States in issuing the patent to the base land to the said John Reese; and that the intervening defendants and their predecessors in interest, at the time of the purchase of said selected land and the rights and benefits of said relinquishment by the selector, and at all times since, have acted innocently, and without any knowledge of any fraud on the part of Reese in connection with the said base land, and without knowledge of any fraud of anybody in connection therewith. The prayer is that the interveners be declared to be the equitable owners of the said southeast quarter of section 5, township 11 south, of range 7 east of the Willamette meridian, and that they, by reason of the relinquishment of said land to the government, and the selection of the said south half of the southeast quarter and the east half of the southwest quarter of said section 6, township 9 south, range 7 west of the Willamette meridian, and their succession thereto by mesne conveyances, be decreed to be entitled to a patent to the said last-named tract of land from the government of the United States.

A replication was filed to this answer after the day for filing the same under the rules of court had expired, but by a stipulation of the parties it was agreed that said replication should be considered as filed within the time; and it was further stipulated "that the three months' time allowed for the taking of testimony after a cause is at issue, as provided by rule 69 of the equity rules now in force, shall begin to run from the said 28th day of September, 1908, and that an order shall be entered accordingly."

No evidence has been taken on the part of the complainant, but on motion filed December 24, 1908, the complainant, through the United States attorney for the district of Oregon, asks that the cause be dismissed without prejudice to the rights of the complainant. This motion is now brought on for hearing.

John McCourt, U. S. Atty.
Platt & Platt, for intervening defendants.

WOLVERTON, District Judge (after stating the facts as above). The interveners resist the motion on two grounds: First, that such an order as requested by the motion would deprive the interveners of a substantial right which has accrued since the commencement of the suit; and, second, that the interveners have prayed for affirmative relief, to which they are entitled, treating the answer as a cross-bill. The court will dispose of these objections in their inverse order.

It is a rule of law in the Circuit Court of the United States that a cross-bill in equity is but an auxiliary to the original suit and a dependency upon it; that is to say, it is an ancillary suit, and is always brought in the court in which is pending the original suit, of which it becomes a part. By the frame of the cross-bill, it must be preferred by a defendant to the original bill, against the plaintiff in the same suit, or against other defendants, or against both. It should state the parties to the original bill, the object, prayer, and proceeding thereon, as also the facts and rights of the party exhibiting it, and which are necessary to be made the subject of cross-litigation, or the ground upon which he resists the claim of the plaintiff; and it should pray that the cross-cause and the original cause may be heard at the same time, and that one decree be made and entered in both causes, thus disposing of the rights of all the parties in the subject-matter of the litigation. The purpose of the cross-bill is usually to set up some matter that is not disclosed by the original bill, which is effective to give the defendant in the original suit or the complainant in the cross-bill some further or affirmative relief. Sections 380 and 381, Bates on Fed. Eq. Procedure, vol. 1.

It may well be doubted whether the answer, if treated as a cross-bill, states any facts entitling the interveners to affirmative relief, and, if not, the prayer demanding such relief could not aid them. The relief prayed—that the interveners be declared to be the equitable owners of the base land—would inure to them under the defense of innocent purchasers, because, if sustained, it would defeat the complainant's bill and leave them as the sole owners, and no affirmative relief would be essential to their protection. As to the further relief sought—that the interveners be decreed to be entitled to a patent to the lieu selection from the general government—the very matter is now pending in the land department for adjudication, and until that department has refused to act in the premises or has acted without authority of law, this court is probably without jurisdiction to interpose its judgment. But, waiving these objections to the answer, if the paper be considered in the light of the principles of equity pleading, it will be found wanting as coming up to the measure of a cross-bill in equity, and it could not be treated as such unless by acquiescence of all the parties.

Counsel suggests that complainant has waived the right to have a technical cross-bill filed by replying and consenting to go to trial. "But," say the learned authors of the Encyclopedia of Pleading and Practice (volume 5, p. 634):

"Affirmative relief may be granted on an answer setting up matters proper for a cross-bill only, where the cause is heard on the merits, without any objection to the pleadings."

This case has not proceeded so far as that, and the complainant is resisting a trial upon the present state of the pleadings.

It is essential to the interveners obtaining the alleged affirmative relief that they shall have procured a standing in court by a cross-bill, framed and filed in practical accord with the rules of equity pleading. There are cases, under an exception to the general rule, in which affirmative relief may be granted upon the answer alone; but this is not one of them. Bates, Fed. Eq. Procedure, § 378; 5 Enc. Pl. & Practice, 634–637. Unless, therefore, the interveners are in a position, legally fortified, to demand the affirmative relief, they do not occupy a position whereby they may successfully object to the complainant's dismissing, without prejudice, its original bill, with the effect of carrying the entire suit with it. It follows that the second objection is without merit.

As to the first objection, it is insisted that, because the interveners have set up matter against the government which it is claimed constitutes a cause of suit, and in which ordinarily the government would not be required to appear if instituted by an original bill, yet that, the government having answered or replied, and thereby made itself a party to the proceeding, it has given to the interveners a standing in court which is tantamount to a substantial right, which right would be lost to them if the suit were dismissed. Therefore they insist that the motion should be disallowed on this ground.

The reasons advanced by the prosecuting attorney for wanting the cause dismissed are that the suit was instituted on a mistake as to the facts; that it was supposed that John Reese was a real person, but that later it has been ascertained that he has no personal existence, and that he was but a fictitious person--the name "John Reese" being made use of by designing parties through which to defraud the government; and that also the name "G. Otterson" is fictitious, and was used for a like purpose; hence that the basis and theory upon which the suit should proceed would be an entirely different one, and one which would eliminate the defense of innocent purchasers. It is, therefore, further insisted by the interveners that, if this suit were dismissed, it would deprive them of that defense also, so that they would in the end be deprived of a very substantial right by a dismissal of the same. It may be remarked that this right, whatever may be its effect or force, has not arisen by reason of any order of the court, either interlocutory or final, and it does not occur to me that it comes within the reason of the rule applicable.

The general rule is stated thus:

"That the plaintiff has the right at any time, before an interlocutory or final decree in a case, to dismiss it on paying costs, and without prejudice to his right to file another." Simkins on Suits in Equity, p. 227.

But it is said in C. & A. R. R. Co. v. Union Rolling Mill Co., 109 U. S. 702, 713, 3 Sup. Ct. 594, 27 L. Ed. 1081, that the rule--

"is subject to a distinct and well-settled exception, namely, that after a decree, whether final or interlocutory, has been made, by which the rights of a party defendant have been adjudicated, or such proceedings have been taken

as entitle the defendant to a decree, the complainant will not be allowed to dismiss his bill without the consent of the defendant."

The exception is thus stated in Watt v. Crawford, 11 Paige (N. Y.) 472:

"Before any decree or decretal order has been made in a suit in chancery, by which a defendant therein has acquired rights, the complainant is at liberty to dismiss his bill upon payment of costs; but after a decree has been made by which a defendant has acquired rights, either as against a complainant or against a codefendant in the suit, the complainant's bill cannot be dismissed without destroying those rights. The complainant in such a case cannot dismiss without the consent of all parties interested in the decree, nor even with such consent, without a rehearing, or upon a special order to be made by the court."

Now, whatever rights, if any, the interveners have acquired in this proceeding, have been so acquired upon the pleadings only, and without any order of the court, either by interlocutory or final decree. True, there is a stipulation in the case, but this was in the interest of the complainant, by which it preserved its right to file a reply and to take the testimony under the equity rule; but the interveners have acquired no specific right or advantage thereby, and all that they can claim is that they have acquired rights under the pleadings by reason of the complainant proceeding upon a mistaken notion of the state of facts as they really exist. These are not such rights as will prevent the complainant from having a dismissal of the bill without prejudice. The dismissal of the bill will carry the cross-bill with it, and the entire suit.

It is further insisted that, as the time has expired for the complainant to take its testimony under the stipulation and the rule, the interveners are entitled to have the case put upon the equity calendar for trial, and an order dismissing the complaint as a matter of right; citing Welsbach Light Co. v. Mahler (C. C.) 88 Fed. 427. The motion of complainant, however, to dismiss the cause without prejudice was interposed prior to the expiration of the time for taking the testimony in its behalf, and, as there has not been an unusual delay in taking such testimony, I think the objection is not well assigned.

For the reasons herein set forth, the motion of the complainant to dismiss the suit without prejudice will be allowed.