## HARDING et al. v. CORN PRODUCTS REFINING CO.

(Circuit Court of Appeals, Seventh Circuit. January 19, 1909. Rehearing Denied February 16, 1909.)

### No. 1,497.

1. APPEAL AND ERROR (§ 874*)—SCOPE OF REVIEW—APPEAL FROM ORDER GRANTING INJUNCTION.

An appeal from an order granting an injunction pendente lite does not involve the merits of the suit; but the only questions for determination are whether the court had jurisdiction to entertain the motion, and, if so, whether the relief was improvidently granted.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3533; Dec. Dig. § 874.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**2. Courts (§ 508\*)—Federal and State Courts—Priority of Jurisdiction.**

A bill in a federal court by a stockholder against the corporation and others, in behalf of himself and all other stockholders similarly situated, which alleges a conspiracy to unlawfully transfer the property of the corporation and prays for a receiver, confers upon the court exclusive jurisdiction to determine all controversies with respect to such property, with or without its actual seizure, and it may protect such jurisdiction by injunction against subsequently instituted litigation by the parties or their privies in a state court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1418–1430; Dec. Dig. § 508.\*

Enjoining proceedings in state courts, see notes to Garner v. Second Nat. Bank, 16 C. C. A. 90; Central Trust Co. v. Grantham, 27 C. C. A. 575; Copeland v. Bruning, 63 C. C. A. 437.]

**3. Equity (§ 359\*)—Voluntary Dismissal of Suit—Right of Complainant.**

A stockholder's suit, brought in a state court, was removed into a federal court, where defendants answered, denying complainant's right to maintain the suit, and a cross-bill was filed by one defendant for the cancellation of complainant's stock. Another stockholder brought a similar suit in a state court. Complainant in the removed suit asked leave to dismiss without prejudice to another suit, or to the granting of relief under the cross-bill, and defendants filed a petition for an injunction to restrain further proceedings in the second suit in the state court. No other parties had joined as complainants, and no evidence had been taken on the merits. *Held* that, under the general rule that a complainant is entitled to dismiss at any time before decree unless some plain legal prejudice would result to other parties, a dismissal was within complainant's right, which was not affected by the fact that its purpose was to secure the litigation of the questions involved in the state court, and that the denial of complainant's motion and the granting of the injunction was error.

[Ed. Note.—For other cases, see Equity, Dec. Dig. § 359.\*]

Appeal from the Circuit Court of the United States for the Eastern Division of the Northern District of Illinois.

In a suit brought by Chicago Real Estate Loan & Trust Company against Corn Products Refining Company and other defendants, originally in a state court, but pending in the Circuit Court of the United States on removal proceedings, the several appellants were enjoined from prosecution of a subsequent suit in the superior court of Cook county, commenced by the appellant, George F. Harding, against certain of the defendants in such pending suit, impleaded with others, and from other proceedings mentioned in the order. This appeal is from the injunctional order so granted by the trial court, entered December 26, 1907, but bearing date December 13, 1907, which reads as follows:

"[Title of Cause.] This day comes on to be heard the motion of the defendant, Corn Products Refining Company, entered of record herein, November 4, 1907, for an injunction restraining the prosecution of the suit of George F. Harding v. Standard Oil Company of New Jersey, Corn Products Refining Company, et al., filed in the superior court of Cook county, Illinois, on or about October 19, 1907, and bearing general number therein 263,565, and for an order to compel the dismissal of said last described suit; and there also now coming on to be heard the rule entered herein on November 12, 1907, against George F. Harding, George F. Harding, Jr., William J. Ammen, and A. B. Joyner, to show cause why they and each of them should not be attached for contempt of this court for violating the restraining order entered herein on June 8, 1907; and the court having heard and considered the answers to said rule, filed herein on November 13, 1907, by said George F. Harding, George F. Harding, Jr., William J. Ammen, and A. B. Joyner, and having considered the petition of said Corn Products Refining Company, filed herein on November 4, 1907, and the exhibits thereto, and all the records and files herein, and all the oral evidence given by and statements of said George F. Harding, George F.

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Harding, Jr., William J. Ammen, and A. B. Joyner in open court; and the said George F. Harding, George F. Harding, Jr., William J. Ammen, and A. B. Joyner being now present in open court, in person and being also represented by said George F. Harding and William J. Ammen, as their solicitors; and the court having heard the arguments of Levy Maher, Esq., solicitor for said petitioner, and of said solicitors for said George F. Harding, George F. Harding, Jr., William J. Ammen, and A. B. Joyner, and being now fully advised in the premises: The court finds that by the institution of said suit of George F. Harding v. Standard Oil Company of New Jersey et al., the said George F. Harding, George F. Harding, Jr., William J. Ammen, and A. B. Joyner have, and each of them has, knowingly and willfully violated the order of this court, entered herein on June 8, 1907, but the court of its own motion hereby discharges the said rule of November 12, 1907, for contempt, without the infliction of any punishment on any of the said respondents to said rule; and the court further finds that the further prosecution of said suit of George F. Harding v. Standard Oil Company of New Jersey et al., and the institution by said George F. Harding, George F. Harding, Jr., William J. Ammen, and A. B. Joyner, of any action like or similar to the present cause should be enjoined. Wherefore the premises considered, it is hereby ordered, adjudged, and decreed that said George F. Harding, George F. Harding, Jr., William J. Ammen, and A. B. Joyner, and each of them, and their and each of their agents, attorneys, solicitors, and representatives, be, and they hereby are, jointly and severally, restrained and enjoined, until the further order of this court, from further prosecuting or taking any steps or proceedings of any kind in said case of George F. Harding v. Standard Oil Company of New Jersey, Corn Products Refining Company, et al., which was instituted in the superior court of Cook county, Illinois, on October 19, 1907, and was numbered therein 263,565, and which case was subsequently docketed in and is now pending in this court as case numbered 28,865. It is hereby further ordered, adjudged, and decreed that said George F. Harding, George F. Harding, Jr., William J. Ammen, and A. B. Joyner, and each of them, and their and each of their agents, attorneys, solicitors, and representatives, be, and they hereby are, jointly and severally, restrained and enjoined, until the further order of this court, from in any manner whatsoever, either directly or indirectly, instituting or prosecuting, or causing or inspiring to be instituted or prosecuted, in any court, forum, place, or jurisdiction whatsoever, any other suit, action, or proceeding making charges and seeking relief like or similar to the charges contained and the relief sought in the case herein of Chicago Real Estate Loan & Trust Company against said Corn Products Company et al.; but said George F. Harding, George F. Harding, Jr., William J. Ammen, and A. B. Joyner, jointly or severally, by an appropriate proceeding or petition, and upon a proper showing, may apply to this court for leave to intervene herein or become parties hereto. And "it is further hereby ordered that that part of said motion of said defendant Corn Products Refining Company, seeking an order compelling the dismissal of said suit of George F. Harding v. Standard Oil Company of New Jersey et al., be, and the same hereby is, continued and reserved for the future consideration of this court."

The transcript of record is voluminous, containing about 250 printed pages of "certificate of evidence," and many more pages of pleadings and proceedings in the primary suit, including the petition for the injunctional order. In so far as these matters are deemed material for the purposes of review, they are mentioned in the opinion.

William J. Ammen and George F. Harding, for appellants.

Levy Mayer, for appellee.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

SEAMAN, Circuit Judge (after stating the facts as above). The injunctional order (pendente lite) from which this appeal is prosecuted arose in a suit in equity, pending in the trial court, brought by Chicago Real Estate Loan & Trust Company, as complainant, against the ap-

pellee and various other corporations and persons named, as defendants. Under the well-settled doctrine, therefore (for which citations of authority are needless), review of such order does not involve the ultimate merits of the controversy presented by either of the bills in question, nor the major part of the great array of proceedings and evidence contained in the transcript of record and discussed in the briefs and argument submitted by counsel. The only questions for determination are: (1) Had the trial court jurisdiction to entertain the application for an injunction? And, jurisdiction appearing, (2) was the injunctional relief improvidently granted?

1. The bill was originally filed in the circuit court of Cook county, and removed to the Circuit Court of the United States, on petition filed by one of the corporation defendants, averring, with other matters, that the petitioner (Corn Products Refining Company) and all of the other corporations named as defendants were incorporated in and citizens of New Jersey, and not citizens elsewhere, while several of the individual defendants are mentioned as citizens of Illinois, and the complainant, Chicago Real Estate Loan & Trust Company, is an Illinois corporation and citizen. This petition purports to show two causes for removal—one that the controversy in suit is wholly between the petitioner and the complainant, and thus between citizens of different states; and the other that the bill tenders a federal question in such controversy. The contentions that the trial court acquired no jurisdiction under the removal are not clearly defined by counsel for appellants, either in printed brief or oral argument; but the bill distinctly avers, for the alleged cause of action, conduct and proceedings on the part of the defendants "in violation of the laws of the United States." So removal was authorized for that cause, although no ground may have appeared therefor under the other cause alleged in the petition and jurisdiction of subject-matter and parties to the bill was vested in the trial court.

The appellants George F. Harding and A. B. Joyner were cited to appear and show cause why an injunction should not issue, under a petition filed for that purpose in such pending suit, and both appeared and answered the petition. Personal jurisdiction thereupon is unquestionable, although Harding was not one of the parties to such prior suit, and Joyner had appeared therein only as solicitor of record for the complainant. Whether jurisdiction for the purposes of the order extends as well over the other appellants—George F. Harding, Jr., who was president of Chicago Real Estate Loan & Trust Company, and not otherwise a party to the proceeding, and William J. Ammen, as attorney representing both that corporation and the first-mentioned appellants in the litigation—neither made parties to the petition, nor ruled to show cause thereunder, is a question which may be passed, for the present at least, as secondary to the inquiry upon the rightfulness of the injunction against the alleged principals of record.

With jurisdiction thus vested in the trial court under the bill of the Chicago Real Estate Loan & Trust Company, the authority to entertain the application for injunctional relief against the subsequent suit of the appellant George F. Harding clearly appears, as we believe, from

mere inspection of the bills respectively in each. The primary suit purports to be a stockholders' bill, filed by the complainant, as owner of shares of stock in the defendant Corn Products Company, for the benefit, as well, of all other holders of stock having like interest, charging conspiracy and illegal combinations on the part of the several constituent corporations and individuals, named as defendants, to merge the corporations, create the Corn Products Refining Company (appellee) as an unlawful trust, and transfer all the corporate properties to such new corporation, thereby depriving the complainant and other stockholders, "not parties to said conspiracy," of their rights and interests. Relief is sought in seizure of all the corporate properties described in the bill, appointment of a receiver, injunction against transfers and other acts, together with general equitable relief, so that exercise of jurisdiction under this bill necessarily extends over all the property and controversies referred to. This doctrine thereupon we believe to be well settled: That the court of equity first acquiring jurisdiction of such cause, with or without actual seizure of the res, obtains the power to hear and determine all such controversies; that its jurisdiction becomes exclusive for determination of the issues and administration of equitable relief; and that, pending complete administration, such jurisdiction may be protected by injunction against litigation of the same controversies by parties or privies in other courts.

The subsequent suit, commenced by the appellant George F. Harding in the superior court, as exhibited by the bill filed therein, is alike in subject-matter and relief sought, with the main averments of conspiracy, and injury mere duplications of the prior bill, differing only in these particulars: That Harding is substituted as complainant (described as a resident of California), with alleged individual ownership of shares in the same defendant corporation (Corn Products Company); that averments are inserted charging "Standard Oil Company of New Jersey" as another party to the conspiracy, together with three other individuals, each named as additional parties to the bill; and the averment of violations of the federal statute, contained in the former bill, do not appear in the Harding bill.

2. Were no facts involved, therefore, in the present inquiry, beyond those above recited, the priority of the bill pending in the trial court and unmistakable attempt, in the Harding bill, to litigate the same questions for like relief in another forum, would plainly appear to justify a restraining order against prosecution of the second bill, as fairly within the judicial discretion of the court. The record, however, establishes another state of facts in reference to the suit and proceedings in the trial court, which we believe to be material for testing the discretionary powers of the court to that end. While a large portion of the matters certified in the transcript is deemed irrelevant for any purposes of this appeal, the evidence referred to tends to establish, not only repeated motions and efforts on the part of the complainant in the prior suit to dismiss its bill, but that well-founded objections were there raised to the right of such complainant to sue for any form of relief in the premises, for want of interest cognizable in equity; and we are impressed with the force of this evidence, as bearing upon the is-

sue of judicial discretion, raised by the several motions submitted for dismissal prior to the entry of the injunctional order. The contentions on behalf of the appellee, that these facts must be disregarded, and that the ultimate motions to dismiss were made too late to entitle them to consideration, we believe to be untenable.

For the present inquiry, the various complications which appear in proceedings and pleadings, in the suit of Chicago Real Estate Loan & Trust Company—referred to as the "Real Estate Company"—after removal to the trial court, do not require mention. It is sufficient to state: First, that issues were distinctly raised by answer, among other defenses, upon the complainant's right to maintain the bill, (1) that its alleged ownership of stock in the Corn Products Company (defendant) was ultra vires its charter as an Illinois corporation, and (2) that it became a party to, was engaged in, and accepted benefits under the transactions complained of, pleading such facts by way of estoppel; and, second, that a cross-bill was filed by one of the defendants, averring that the complainant was not entitled to the shares of stock mentioned in the bill, and praying for cancellation of the stock, stay of "prosecution of the bill," and other relief. On the part of the appellants, the objection of ultra vires so raised is conceded to be well founded, under the incorporation of the Real Estate Company and authorities cited; and the certificate of evidence shows an affidavit, purporting to be made by the president of the Real Estate Company—offered on behalf of the appellants in the trial court, in support of motions then made (as hereinafter mentioned) for dismissal of the bill filed by that corporation—which states that its attorneys were instructed accordingly, in September, 1907, to dismiss such bill. It further states that a motion for that purpose was filed in the trial court, October 1, 1907, of which a copy appears, and notice served on counsel for the defendants, describes two appearances thereupon without obtaining a hearing, and then states that counsel for the defendants agreed to waive further written notice and attend on oral notice, whenever such motion could be heard. No effort was made, however, to press this motion, nor does further mention of it appear, except as hereinafter stated. As filed, it reads, for dismissal "without prejudice to right of cross-complainant to prosecute his cross-bill in said cause."

The Harding suit, enjoined under the order appealed from, was commenced in the superior court October 19, 1907, and the rule under which this injunction issued was entered November 4, and came on for hearing November 12, 1907. Such hearing, however, was interrupted by the entry of a rule against all of the appellants to "show cause why they should not be attached for contempt" for violation of a pre-existing stay order. Examination of the parties proceeded immediately under the last-mentioned rule, and all of the testimony preserved in the "certificate of evidence" in the present record appears to be directed thereunder, but (as certified) was applied as well for the hearing upon the petition for an injunction. These examinations closed (after several postponements) on December 13th, and the oral opinion then announced by the court, as we understand the

record, related alone to the contempt rule, which was then disposed of; but it was followed by remarks in reference to an injunction under the other rule, and an adjournment was directed for its consideration. While the contempt proceedings are otherwise independent of the injunction, and not reviewable under this appeal, the method of hearing referred to, together with the colloquies reported between court and counsel thereafter, tend to confuse the import of such adjournment; but the object of adjournment was thus stated by the court: "I want to consider the question further before I enter the order" for an injunction. So we are impressed with no doubt that final decision remained open for the adjourned day, and the contention otherwise on the part of counsel for the appellee we believe to be untenable in fact, if not without force in any view of the record.

The established facts are: That the hearing was adjourned; that all parties appeared on December 26th as the (ultimate) adjourned day; that the appellants forthwith tendered motions (in several forms), made on behalf of the Real Estate Company to dismiss its bill of complaint in the pending cause—each without prejudice to the rights of the cross-complainant to prosecute his cross-bill—together with the affidavit of its president, referring to the previous motion of October 1st and stating the grounds of dismissal, as before mentioned; and that such motions were opposed by counsel for the appellee, and denied by the court, prior to the consideration or entry of the injunctional order appealed from. Each of the motions referred to was made by the proper party to accomplish dismissal of the bill then pending in the trial court; was neither objectionable in form and substance, nor was objection raised for insufficiency of one or the other to preserve any rights set up in the cross-bill; and the purpose of the appellants in their introduction, to remove the only tenable ground for enjoining prosecution of the Harding bill, was distinctly stated and obvious. That such motions were in apt time, on the adjourned day of the hearing, appears from the foregoing recitals. We are of opinion, therefore, that the subsequent injunctional order was unauthorized in the face of those tenders, unless the evidence establishes just cause for denial of the motions to dismiss the prior suit of the Real Estate Company, without prejudice to relief under the cross-bill filed therein.

The jurisdiction of the trial court over the parties, subject-matter and controversies involved in that suit, inclusive of the well-recognized authority vested in courts of equity to protect such jurisdiction throughout its course against interference, is (as before mentioned) undoubted. But the fact that such jurisdiction is established in the federal court, either primarily or through removal, affords no ground for contention that the complainant in such suit may not dismiss his bill, within the rules applicable to all courts in reference to voluntary dismissals. The general rule, that a complainant retains entire dominion over his suit up to a decree, so that he may dismiss it as of course, with the well-settled qualification of such right, in favor of defendants or parties who have joined as complainants, to save rights which may have been acquired under the suit (Pullman's Car Co. v. Trans-

portation Co., 171 U. S. 138, 145, 18 Sup. Ct. 808, 43 L. Ed. 108; 2 Bates on Fed. Eq. Prac. §§ 658, 659), is upheld alike in all courts of equity, federal and state. To authorize • denial of such right to discontinue "there must be some plain, legal prejudice" to the other parties, which "must be other than the mere prospect of future litigation" as its result (Id.); and it is equally free from doubt, under the federal system and authorities, that no departure from this rule is authorized for persistent efforts on the part of the suitor, either before or after removal to the federal court, to obtain standing for litigation of his controversy in a state court. The complainant is not only entitled to his choice of forums, in bringing his suit within co-ordinate jurisdictions—subject only to the contingency of removal to the federal court for statutory cause—but he is equally free to dismiss the suit on removal, irrespective of any purpose to have another one brought in the state court, which may be so framed as to avoid removal. Under the foregoing propositions, which we believe to be well-settled and elementary, the contentions in the argument in reference to the conduct and purposes of the appellants in their various proceedings in evidence, are neither within the reviewable issue nor applicable in any sense for its solution. Laying such contentions out of view, therefore,—with their acrimonious discussion in the briefs submitted by counsel, respectively—we proceed to the inquiry under which we believe the discretion vested in the trial court must be tested, namely, whether the status of the suit pending in such court justified denial of the motions there made on behalf of the complainant to dismiss its bill.

The pleadings in that case are set out in the record. No testimony appears to have been taken under the issues, nor proceedings had beyond such framing of the issues, and the Real Estate Company remained sole complainant in the suit, with no other stockholder intervening for the relief sought. Thus the solution is free from the complication which arises when a suit has progressed beyond such preliminary stage, so that legal prejudice may result from dismissal without decree upon the merits—as exemplified and discussed in the various authorities cited in the appellee's brief—and rests alone on the effect which may be presumed from the pleadings. Under the saving clause expressly stated in each motion in favor of the cross-complainant, it is unquestionable that allowance of the motion for dismissal would leave undisturbed jurisdiction and rights acquired through the cross-bill for affirmative relief. The inquiry of prejudice, therefore, is narrowed to the above-stated issues raised by the several answers of the defendants, and we are of opinion that the authorities are harmonious in upholding the general rule in such case; that no sanction appears, under either line of cases cited in the argument, for denying leave to dismiss the suit because of defensive issues so raised by the pleadings alone. The utmost effect of discontinuance in reference to either issue is to leave such controversy open for future litigation, between the same or other parties, which is not legal prejudice; and it may well be noted that both answers challenging the complainant's right to maintain its bill furnish strong ground in favor

of discontinuance. For the doctrine which thus becomes applicable and controlling, we deem it sufficient to cite the exhaustive opinions in three of the cases referred to in the appellee's brief: C. & A. R. R. Co. v. Union Rolling Mill Co., 109 U. S. 702, 713, 3 Sup. Ct. 594, 27 L. Ed. 1081; Pullman's Car Co. v. Transportation Co., 171 U. S. 138, 146, 18 Sup. Ct. 808, 43 L. Ed. 108; Detroit v. Detroit City Ry. Co. (C. C.) 55 Fed. 569, 572. The motion was rightly made for dismissal "without prejudice," as that is the settled practice in equity whenever a bill "is dismissed without a consideration of the merits." Swan Land & Cattle Co. v. Frank, 148 U. S. 603, 612, 13 Sup. Ct. 691, 694, 37 L. Ed. 577.

We are of opinion, that the motion for dismissal of the Real Estate Company's bill was not only seasonably made, but that it was entitled as well to leave of court to dismiss, so as to remove cause for enjoining the prosecution of the new bill, filed by a stockholder, setting up ownership free from the challenge of title to maintain the original bill, and that the order appealed from was therefore unauthorized, and must be reversed.

The proceedings discussed in the argument in reference to an attempted removal of the Harding suit to the trial court are not involved in this appeal, nor properly included in the transcript of record, and we are without authority for their consideration.

The order of the Circuit Court, from which this appeal is brought, is reversed, accordingly, with direction to that court to dismiss the bill of the Real Estate Company, in conformity with one or the other motion filed therefor, and that the petition for an injunction be thereupon dismissed.