EDWARD A. GROESBECK, Respondent, v. JAMES P. MORGAN, Appellant.

**Vendor and purchaser — action for specific performance — when purchaser guilty of laches for delay in bringing action.**

1. Specific performance is not a strict legal right and is never granted when the lapse of time renders such relief against equity and good conscience. The defense of laches is to be considered wholly independent of the Statute of Limitations.

2. Where a vendee of real property allowed nearly five years to elapse after he became aware that the vendor was in a position to carry out his contract before electing to bring suit to enforce performance, the property having in the meantime increased very largely in value and no excuse having been offered for the delay, he is guilty of laches and cannot enforce specific performance.

*Groesbeck* v. *Morgan*, 140 App. Div. 943, reversed.

(Argued October 14, 1912; decided November 19, 1912.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered November 18, 1910, affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Marcus T. Hun* for appellant. Plaintiff's laches are fatal. (*Wiswall* v. *McGowan*, 2 Barb. 270; *Babcock* v. *Eurich*, 64 How. Pr. 435; *Scudder* v. *Lehman*, 142 N. Y. 631; *Sawyer* v. *Collyer*, L. R. [28 Ch. Div.] 431; *Eads* v. *Williams*, 4 DeG., M. & G. 674; *Walker* v. *Jeffreys*, 1 Hare, 341; *Southcomb* v. *Bishop of Exeter*, 6 Hare, 212; *Monro* v. *Taylor*, 8 Hare, 61; *Lehmann* v. *McArthur*, L. R. [3 Ch.] 496.) The fact that the land was speculative in character made time of the essence of the contract. (*Benedict* v. *Lynch*, 1 Johns. Ch. 370; *Baumeister* v. *Rebstock*, 92 App. Div. 587; *Matter of Darrow* v. *Bush*,

25

45 App. Div. 262; *Schmidt* v. *Reed,* 132 N. Y. 108; *Matter of Lord,* 78 N. Y. 109; *Peters* v. *Delaplaine,* 49 N. Y. 362; *Merchants' Bank* v. *Thomson,* 55 N. Y. 7; *Davison* v. *Davis,* 125 U. S. 90; *Mundy* v. *Davis,* 20 Fed. Rep. 353; *Brashier* v. *Gratz,* 6 Wheat. 528; *Mills* v. *Haywood,* L. R. [6 Ch. Div.] 196.)

*P. C. Dugan* for respondent. The plaintiff was not guilty of any laches in attempting to enforce his rights under the contract in question. The delay was due to the bad faith of the appellant. (*Marsh* v. *Johnson,* 125 App. Div. 597; *Merchants' Bank* v. *Thomson,* 55 N. Y. 13; *Deen* v. *Milne,* 113 N. Y. 303; *Delavan* v. *Duncan,* 49 N. Y. 485; *Baird* v. *E. R. R. Co.,* 72 Misc. Rep. 179; *Platt* v. *Platt,* 58 N. Y. 646; *Galway* v. *M. E. Ry. Co.,* 128 N. Y. 156; *Cox* v. *Stokes,* 156 N. Y. 511; *Kenyon* v. *Nat. Life Assn.,* 39 App. Div. 294; *New York Water Co.* v. *Crow,* 110 App. Div. 37.) Bad faith on the part of the defendant is proved in this case, and, therefore, the defense of laches is not available. (*McIntire* v. *Pryor,* 173 U. S. 38; *Jenkins* v. *Hammerschlag,* 38 App. Div. 213; *Townsend* v. *Vanderwerker,* 160 U. S. 186; *Kolb* v. *Nat. Surety Co.,* 176 N. Y. 237.)

WILLARD BARTLETT, J. This is an action for specific performance by the vendee against the vendor. The premises covered by the contract were on Delaware avenue in the city of Albany. The purchase price was $2,750, of which $500 was paid at the time of the signing of the agreement on February 15, 1902. At that time the defendant did not own the fee, but, as the agreement recited, was merely seized of a lien upon the premises for unpaid taxes, assessments or water rates. The vendor agreed to obtain a good title free and clear from all liens and other incumbrances and convey the premises to the vendee on or before August 1, 1902, and it was further covenanted and agreed by the vendor that in the event of

his failure to complete and perfect said title to said premises and deliver a deed of conveyance at the time stated, he would pay and refund to the vendee upon demand the sum of $500, which was paid at the time of the execution of the agreement, with interest at 4% per annum.

The time for the delivery of the deed was subsequently extended by an additional agreement in writing to January 2d, 1903.

At that date the vendor had acquired the fee to the premises, but there were outstanding liens in favor of the city which he had not acquired. He was, therefore, not in a position to fulfill the contract, and he notified the vendee of that fact by a letter dated January 3, 1903, in which he inclosed a check for $517, being the $500 earnest money and $17 interest. The vendee returned this check on January 12, 1903, at the same time writing to the vendor that he could not accept his proposition to terminate the contract as he was advised that it was not limited but continued in force. In this letter the vendee called attention to the fact that the agreement provided only for the return of the $500 upon the vendee's demand, and consequently, said the vendee, "you cannot make this payment unless I call for it."

The vendee thereupon had the contract recorded in the county clerk's office, having notified the vendor that he would do so.

In May, 1903, at an arrearage sale held by the city of Albany, the vendor acquired the remaining liens upon the property, and although the vendee became aware of this fact at or about that time he did not begin this action for a specific performance until four years and nine months thereafter, when the value of the property had increased from $2,750 to about $15,000.

The only question which we deem it necessary to discuss in disposing of this appeal is that which is raised by the defendant's plea of laches. This defense is accompanied by an offer to repay to the plaintiff the $500 paid

on account of the purchase price of the premises, together with interest thereon from February 15, 1902.

The evidence in support of this defense is undisputed, and is found largely in the testimony of the plaintiff himself. Construing the contract most favorably to the plaintiff and assuming that the provision for the return of the $500 was not exclusive, but that the vendee was at liberty to insist upon performance as soon as the vendor acquired the title, the vendee, nevertheless, when he ascertained that the title had been acquired was bound seasonably to elect which remedy he would pursue. He attended the tax sale at which the defendant purchased the last outstanding city liens on May 27, 1903, and testified that he then supposed that the defendant had the fee and that this purchase would clean up the title. With this knowledge in his breast, for four years and nine months, he made no election as to whether he would take back his $500 earnest money, with interest, or would assert the right to a conveyance of the property, although, as has been already pointed out, he had taken the position that the provision as to the repayment of the $500 was enforceable only in his behalf, if he saw fit to avail himself of it, but was not available to the vendor as a method of terminating his liability under the contract. During all these years there was no communication from the plaintiff to the defendant indicating any intention on his part to demand that the agreement be specifically performed. There was simply silence — until such a demand was embodied in a letter sent to the defendant a week before the commencement of the present action. Meantime, according to the plaintiff's own estimate, the property in question, divided into lots, had risen in value to the sum of $15,000.

In this state of the proof there was no evidence whatever to sustain the finding of the trial court that the plaintiff had not been guilty of any laches or unreasonable delay in demanding the deed from the defendant or

in bringing this action. On the contrary, the finding should have been in accordance with the defendant's request that the plaintiff had been guilty of laches in his failure to enforce the contract of February 15, 1902, and the extension thereof. The exceptions to the finding as made and to the refusal to find as requested are fatal to the judgment.

No doctrine of equity jurisprudence is better settled than the rule that specific performance is not a strict legal right and is never granted when the lapse of time renders such relief inequitable in its consequences, or as many judges have phrased it, "against equity and good conscience." (See *Delavan* v. *Duncan,* 49 N. Y. 485, and cases therein cited; *Hayes* v. *Nourse,* 114 N. Y. 595.) The defense of laches, in a suit for specific performance, is to be considered wholly independent of the Statute of Limitations. Although the action is brought within the period prescribed by the statute, it may have been so delayed as to preclude the granting of equitable relief, and, if so, the complainant must be relegated to his action at law for damages. In determining whether such delay is fatal in the domain of equity, regard must always be had to the peculiar circumstances of each case. (*Peters* v. *Delaplaine,* 49 N. Y. 362.) As was suggested by Chief Judge CHURCH in the case cited, quoting the language of Lord ALVANLEY in *Milward* v. *Earl of Thanet* (5 Vesey, 720n), a purchaser seeking specific performance must be "ready, desirous, prompt and eager." The vendee in the present contract manifested none of these attributes. He allowed nearly five years to elapse after he became aware that the defendant had acquired an unincumbered title before he instituted the present suit. No excuse is offered for the delay, while the effect of it now is to make the defendant convey to the plaintiff land which has increased in value by many thousands of dollars. As was said of a purchaser by Chancellor KENT in *Benedict* v. *Lynch* (1 Johns. Ch. 370, 378): " He can-

not be suffered to lie by and speculate on the rise of the estate." (See, also, *Schmidt* v. *Reed*, 132 N. Y. 108, 116.)

The judgment should be reversed and a new trial granted, with costs to abide the final award of costs.

HAIGHT, J. (dissenting). The vendor of the premises in controversy knew that the vendee insisted upon the vendor's completing his contract of sale, and that he had refused to receive back the five hundred dollars paid as a part of the purchase price. It, therefore, became the duty of the vendor, upon perfecting his title to the premises, to tender performance to the vendee. But this he neglected to do; and, under the circumstances of this case, laches became a question of fact, which was finally disposed of by the Appellate Division.

CULLEN, Ch. J., VANN and HISCOCK, JJ., concur with WILLARD BARTLETT, J.; HAIGHT, J., reads dissenting memorandum with whom WERNER, J., concurs; GRAY, J., absent.

Judgment reversed, etc.