INDIVIDUAL DRINKING CUP CO. v. UNION NEWS CO. et al.

(Circuit Court of Appeals, Second Circuit. February 26, 1918.)

No. 147.

1. COURTS ⬤═332—EQUITY—PROCEDURE—RULES.

While former equity rule 90, which provided that practice in equity when the rules did not apply should be governed by the then present practice of the High Court of Chancery in England, was not included in the new equity rules, the established practice approved by the Supreme Court must be considered to have remained in force, except as changed by the new rules, or by District Court rules adopted under authority of new rule 79 (198 Fed. xli, 115 C. C. A. xli).

2. PATENTS ⬤═313 — DISCONTINUANCE WITHOUT PREJUDICE — REFUSAL OF LEAVE.

Where a complainant had obtained a favorable adjudication on its patent in one district, which entitled it, on application to a preliminary injunction as of course in a pending suit in another district, it was not error for the court to refuse permission to discontinue the second suit without prejudice.

Appeal from the District Court of the United States for the Southern District of New York.

Suit in equity by the Individual Drinking Cup Company against the Union News Company and the New York Central & Hudson River Railroad Company. Decree dismissing bill, and complainant appeals. Affirmed.

C. E. Dunn, or New York City, for appellant.

Briesen & Schrenk and Frank M. Patterson, all of New York City, for appellee Union News Co.

Before WARD and ROGERS, Circuit Judges, and MAYER, District Judge.

WARD, Circuit Judge. The complainant brought this suit for in-- fringement of United States letters patent No. 1,081,508, for improvements in dispensing apparatus for paper drinking cups. The bill recites that the patent in suit has been sustained by Judge Chatfield in the District Court of the United States for the Eastern District of New York, an interlocutory injunction having been granted, from which, the defendant in that case having taken no appeal, the accounting is going on. When the suit was called on the calendar, both sides answered ready; but, when actually reached for trial, the complainant filed a petition for leave to dismiss its bill without prejudice. Judge Hough consented to do so, except as to 350 drinking cup machines which had been in actual use by the defendants. The complainant declined this suggestion, whereupon the cause was ordered to be tried, and, the complainant electing not to proceed, the bill was dismissed.

The court's theory was that, in view of Judge Chatfield's decree, an injunction would have been granted, if asked for as a matter of course, and that the effect of the decree was really an embargo upon the defendant's use of the machines, without their having an opportunity to appeal. This was considered to be a prejudice additional to that of being vexed by a new suit on the same cause of action, which was not held a sufficient reason for refusing a discontinuance. Pullman Palace Car Co. v. Central Co., 171 U. S. 138, 18 Sup. Ct. 808, 43 L. Ed. 108. He therefore brought the case within exceptions recognized by many decisions under former equity rule 90 (29 Sup. Ct. xxxvii), that, generally speaking, the complainant may discontinue on payment of costs.

[1] The former rules were promulgated March 2, 1842; rule 90 providing that practice in equity when the rules did not apply should be governed by the then present practice of the High Court of Chancery in England, not as positive rules, but as furnishing just analogies. In a note to Thomson v. Wooster, 114 U. S. 104, at 112, 5 Sup. Ct. 788, 29 L. Ed. 105, Mr. Justice Bradley points out that the practice of the High Court of Chancery was much modified by the English orders of May 8, 1845, and that later editions of Daniell's Chancery Practice are to be read with that fact in view.

There was no specific rule on the subject of dismissal without prejudice, either in England or in this country, at the time the former rules were adopted. Badger v. Badger, 1 Cliff. 237, Fed. Cas. No. 717. In that case Mr. Justice Clifford stated the practice in the English Chancery to be what had always been followed in this country under the then equity rules. The present rules of practice in equity went into force on and after February 1, 1913, and they omitted former rule 90. Still the established practice approved by the Supreme Court must be considered to have remained in force, except so far as changed by the District Courts, under the authority of new rule in equity 79 (198 Fed. xli, 115 C. C. A. xli). It was so changed by the District Court for the Southern District of New York in a new equity rule No. 8 reading:

"8. *Voluntary Discontinuances.* If justice requires, the court, after issue joined, may refuse to permit the plaintiff to discontinue, even though the defendant cannot have affirmative relief under the pleadings, and though his

only prejudice is the vexation and expense of a possible second suit upon the same cause of action."

[2] Accordingly the validity of the order in this case before the adoption of this rule of the District Court must be determined by the practice theretofore prevailing. It seems to us that, in view of the fact that the complainant had obtained a favorable adjudication upon its petition in the Eastern District and had not applied for a preliminary injunction which it could at any time obtain, it would be putting the defendants to an unfair disadvantage by discontinuing its suit.

The order is affirmed.