### ROBBINS et al. v. SPERRY CORPORA-
### TION et al.

District Court, S. D. New York.
Feb. 29, 1940.

Morris J. Levy, of New York City, for plaintiffs.

Sullivan & Cromwell, of New York City, for defendants Forgan, Hayes, Freeman and Duryea.

Humes, Buck, Smith & Stowell, of New York City, for defendants Standard Capital Co., J. Cheever Cowdin and George Armsby.

Chadbourne, Wallace, Parke & Whiteside, of New York City, for defendants Morgan, Sanderson, Royce, Doe and Sperry Corporation.

COXE, District Judge.

This suit is identical with the Piccard suit now pending in this court. It has no possible justification at this time. The plaintiffs do not have an absolute right to discontinue as against the removing defendant. See Young v. Southern Pac. Co., 2 Cir., 25 F.2d 630. Moreover, Rule 23(c), Rules of Civil Procedure for District Courts, 28 U.S.C.A. following section 723c, provides that a class action shall not be dismissed or compromised without the approval of the court. I, therefore, deny the motion of the plaintiffs for leave to discontinue as against the defendant Standard Capital Company. It necessarily follows that the plaintiffs' motion to remand is also denied. The original and amended complaints fail to allege that the plaintiffs were stockholders at the time of the transactions complained of, as required by Rule 23(b). These are fatal defects. The motions of the defendants to dismiss are, therefore, granted.

The motions of the plaintiffs for leave to discontinue as against the defendant Standard Capital Company, and to remand, are denied. The motions of the defendants to dismiss the original and amended complaints are granted.